# STATE EX REL REED, *Plaintiff-Relator,*
## *v.*
# SCHWAB, et al, *Defendants.*
## (SC 26199)
600 P2d 387

John M. Reed, Eugene, argued the cause and filed briefs pro se.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for defendants. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Charles F. Hinkle, Portland, filed an amicus curiae brief for the American Civil Liberties Union.

HOWELL, J.

**HOWELL, J.**

This is an original proceeding in mandamus in which relator, who is not an attorney, seeks to compel the judges of the Oregon Court of Appeals to allow him to present oral argument on his own behalf in four cases pending before that court. At issue is the validity of a rule of internal practice adopted by the Court of Appeals that provides in part:

> "* * * When a litigant represents himself without counsel, the case will be ordered submitted on brief without oral argument by any party."

Relator argues that this rule violates various provisions of the state and federal constitutions. Relator also argues that certain statutory provisions limiting the practice of law to certified members of the bar are unconstitutional. The American Civil Liberties Union, appearing as amicus curiae, contends that relator has a statutory right to argue his own case and, alternatively, that such a right exists under Article I, Section 20 of the Oregon Constitution. We reject each of these contentions and uphold the validity of the rule.

## I

Relator was the claimant in four workers' compensation claims pending in the Court of Appeals. Relator filed motions asking for permission to argue the cases orally. The Court of Appeals denied the motions, and ordered the cases submitted on briefs and without oral argument. Relator then brought this mandamus proceeding, which lies within the original jurisdiction conferred upon this court by Article VII (Amended), Section 2 of the Oregon Constitution. On May 2, 1979, this court issued an alternative writ directing the Court of Appeals to either allow oral argument in the four cases or show cause why it had not done so.

## II

1. The initial question here is whether the challenged rule is consistent with Oregon statutes. The authority to make rules is vested in the Court of Appeals by ORS 2.560(6), which provides:

[413]

"The Court of Appeals may make and enforce all rules necessary for the prompt and orderly dispatch of the business of the court * * *."

We think the challenged rule clearly falls within the authority granted the Court of Appeals by ORS 2.560(6). The statute authorizes the promulgation of any rules that will facilitate the processing of appeals. The Court of Appeals apparently has determined that the benefits that could be obtained from hearing oral arguments by parties appearing *in propria persona* are outweighed by the costs in time to the members of that court. Accordingly, we hold that the rule falls within the court's rule-making power as defined in ORS 2.560(6).

■ The next question is whether the rule, although within the court's general rule-making power, is inconsistent with some specific statutory right guaranteed to relator. The relator and amicus rely on ORS 9.320, which provides:

"Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney * * *."

There is nothing in the language of the statute that requires the Court of Appeals to allow oral argument on appeal, and we decline to so extend the statute, particularly when ORS 2.560(6) allows the Court of Appeals to make its own rules of procedure.

### III

Relator contends that he has a right to oral argument under Article I, Section 10 of the Oregon Constitution and the fourteenth amendment to the United States Constitution.

■ Article I, Section 10 of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[414]

We fail to see how the challenged rule in any way violates the rights guaranteed relator by this provision of the constitution. It cannot seriously be contended that the elimination of oral argument makes the Court of Appeals a "secret" court. If a part of the decision-making process is eliminated, such as oral argument, it necessarily is not concealed. Nor do we believe that relator is denied any remedy "by due course of law" when the appellate court decides the validity of a legal claim upon written rather than oral arguments.

Since Article I, Section 10 does not aid relator here, the next question is whether the right claimed by relator is protected by the due process clause of the Fourteenth Amendment.

■ Whether or not the Fourteenth Amendment encompasses a "right to oral argument" is a question that has not been squarely decided by the United States Supreme Court. In *Londoner v. Denver*, 210 US 373, 28 S Ct 708, 52 LEd 1103 (1908), the Court held, with little analysis, that due process required a right to "argument however brief" before a municipal board of equalization could increase property taxes. In *FCC v. WJR, The Goodwill Station*, 337 US 265, 69 S Ct 1097, 93 LEd 1353 (1949), however, the Court held that due process did not require the Federal Communications Commission to provide an opportunity for oral argument before it decided a question of law regarding a broadcast license application. The Court noted that "the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations[,]" but the Court offered no criteria for determining when oral argument is required. *Id.* at 276 In *Price v. Johnston*, 334 US 266, 68 S Ct 1049, 92 LEd 1356 (1948), the Court held that a prisoner had no constitutional right to present oral argument before a federal Court of Appeals on a habeas corpus petition. The Court said, "Oral argument on appeal is not an essential ingredient of due process and it may be

circumscribed as to prisoners where reasonable necessity so dictates." *Id.* at 286. Finally, in *Herring v. New York,* 422 US 853, 95 S Ct 2550, 45 LEd 2d 593 (1975), the Court held that a criminal accused had a right to have his attorney make a final summation at the close of trial. The Court emphasized, however, that the opinion should not "be understood as implying a constitutional right to oral argument at any other stage of the trial or appellate process." *Id.* at 863, n. 13.

It is difficult to square the *Londoner* holding with the more recent decisions by the Court. As Professor Davis has observed, the Supreme Court itself often denies oral argument in cases involving fairly important questions, and it is difficult to suppose that the Court would hold unconstitutional a practice in which it regularly engages. 1 K. Davis, Administrative Law Treatise 434-35, § 7.07 (1958).

Relator relies on *Faretta v. California,* 422 US 806, 95 S Ct 2525, 45 LEd 2d 562 (1975), in which the Court held that a defendant in a *criminal* case has a *Sixth Amendment* right to defend himself *at trial.* While *Faretta* does contain broad language concerning the salutary characteristics of self-representation, the opinion is of no assistance to relator in this civil appeal. The Sixth Amendment is concerned only with "criminal prosecutions."

We therefore hold that the Court of Appeals' denial of oral argument in this case does not constitute a denial of due process under the fourteenth amendment to the United States Constitution, and we hold that relator has no meritorious claim under Article I, Section 10 of the Oregon Constitution.

IV

A more substantial question is whether the challenged rule's distinction between parties appearing *in propria persona* and parties appearing by counsel is a violation of Article I, Section 20 of the Oregon Constitution or the "equal protection" clause of the fourteenth amendment to the United States Constitution.

Article I, Section 20 of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

The fourteenth amendment to the United States Constitution provides, in part:

"* * * No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

The two provisions are not identical. As this court recognized in *State v. Savage*, 96 Or 53, 59, 184 P 567 (1919), 189 P 427 (1920), "The provisions of the state Constitution are the antithesis of the fourteenth amendment in that they prevent the enlargement of the rights of some in discrimination against the rights of others, while the fourteenth amendment prevents the curtailment of rights * * *."[1] Relator contends that the challenged rule confers an unwarranted privilege on parties appearing by counsel while at the same time denying equal treatment to parties appearing *in propria persona.*

Relator, of course, is not denied equal privileges with any other lay litigant whose case is presented orally by counsel. Like any litigant, he, too, has the privilege of oral argument "upon the same terms," that is to say, argument presented by someone admitted to the bar of the court. Nor is he literally denied equal privileges when he compares his position with the attorney rather than the lay litigant, because again the privilege of oral argument would be available to him "upon equal terms" if he, too, qualified to appear at the bar of the court. As a layman, he is not being singled out for discriminatory denial of a privilege generally available to all; nor are any or all attorneys favored with admission to the bar on any

---

[1] For examples of cases in which the applicability of Article I, Section 20 and the equal protection clause might not be identical, *see* Linde, *Without "Due Process,"* 49 Or L Rev 125, 142-43 (1970).

basis other than such professional qualifications as would win him or anyone the same privilege "upon equal terms."

The issue under Article I, Section 20 and the federal equal protection clause, then, crystallizes into an attack on the legitimacy of limiting oral argument to those who have previously shown themselves professionally qualified to appear at the bar. Obviously, professional qualifications are a legitimate requirement for a great many functions in the law and elsewhere, so that the limitation is not vulnerable unless there is something unique about oral argument. We recognize that no law consistent with the First Amendment could limit to licensed professionals the right to petition the government for redress of grievances,[2] but that does not mean that an appellate court may not require that such a "petition" be submitted in the form of written rather than oral arguments. If that may be required, it does not deny equal protection of the law to limit oral argument to those who are professionally competent to respond to the court's questions about the exact legal issues presented by the appeal.

It must be remembered that the Court of Appeals is normally concerned with issues of law, not of fact, and even when it decides a case anew on the facts, it does so on the record made before a trial court or agency without taking new evidence.[3] Laymen often find it difficult to understand what is and what is not before the court for decision. Moreover, the challenged rule does not mean that a layman's appeal submitted without counsel will not be given conscientious attention even without oral argument. Given these facts, it

---

[2] "Congress shall make no law * * * abridging * * * the right of the people * * * to petition the Government for a redress of grievances." U.S. Const., amend.

[3] Although in a workers' compensation case the Court of Appeals is authorized to hear additional evidence not available at the hearing, ORS 656.298(6), no claim of right to testify or argue in such a proceeding is involved here.

is not invidious discrimination to devote the court's limited time for oral argument to presentations by persons who are professionally able to enlighten the court and respond to its questions in a legally knowledgeable manner. There are arguments for a different rule, as in this court. But the rule chosen by the Court of Appeals does not unconstitutionally favor lawyers with special privileges or deny lay litigants the equal protection of the laws.

V

■ ■ With respect to the remainder of relator's contentions, we conclude that the Court of Appeals rule does not violate any precepts of "natural law," "separation of powers," and the "free speech" clause of the First Amendment, nor the "free speech" clause of Article I, Section 8 of the Oregon Constitution. Relator's claim that the limitation of ORS chapter 9 on the right to practice law is unconstitutionally vague is irrelevant to the present proceeding, since relator is not charged with any violation of those statutes. *Compare Oregon State Bar v. Wright*, 280 Or 693, 573 P2d 283 (1977).

The Court of Appeals' challenged rule is consistent with Oregon statutes and with the requirements of the state and federal constitutions. The writ is dismissed.