**In re J. Richard CALDER,**
**F–253 & F–274.**

**No. 890113.**

Supreme Court of Utah.

July 11, 1990.

Christine A. Burdick, David E. Leta, Salt Lake City, for Utah State Bar.

Daniel R. Boone, John T. Anderson, Salt Lake City, for J. Richard Calder.

DURHAM, Justice:

This is a disciplinary proceeding instituted by counsel for the Utah State Bar (the Bar) pursuant to rule VIII(e) of the Rules of Discipline. In February of 1989, a disciplinary hearing panel (the Panel), after five days of evidentiary hearings, recommended that J. Richard Calder be disbarred from the practice of law. The Board of Bar Commissioners (the Board) adopted the recommendation of the Panel the following month. Calder filed an objection with the Board, and a hearing was conducted by a three-member panel of the Board. That panel recommended to the Board that the earlier recommendation of disbarment be adopted, and the Board accordingly entered an order. Calder appeals from the Board's order and from the findings of fact, conclusions of law, and recommendation of discipline by the Panel. We affirm.

Calder's arguments in this case are set forth at great length in his brief, but essentially consist of the following: (1) the Panel improperly considered facts and issues beyond the scope of the complaints filed against him by the Bar; (2) the Panel mistakenly relied on an erroneous interpretation of a Utah statute in assessing the damage done by his misconduct to one of his clients; (3) the Panel's findings of fact, many of which are not supported by clear and convincing evidence and are erroneous, deserve little or no deference from this court; and (4) the Panel's recommendation of disbarment was disproportionate to Calder's misconduct and inadequately ac-

counted for mitigating factors proved by him.

▪ This court has reviewed more than one thousand pages of hearing transcript setting forth the evidence of Calder's misconduct, but we do not consider it useful to recount the fairly complex facts underlying the Panel's findings. Instead, we will clarify the scope of review and briefly address Calder's arguments. He claims that because this court must exercise ultimate constitutional authority with respect to attorney discipline, we should not accord any deference to the factual findings and disciplinary recommendations of the Bar. We reject that claim and reaffirm the standard of review set forth in *In re Hansen*, 584 P.2d 805 (Utah 1978):

> We have reviewed the foregoing matter in awareness of our previous declarations of this Court that, though it is the prerogative and responsibility of the court to make the findings and orders in such matters, we will nevertheless regard the findings and recommendation of the Commission as advisory, and will accord them some degree of indulgence, and be inclined to act in accordance therewith unless it appears that the Commission has acted arbitrarily or unreasonably.

*Id.* at 807 (citations omitted).

▪ To clarify the foregoing language, we treat factual findings by fact-finding entities within the Bar much the same as we treat such findings from administrative agencies and will sustain them unless they are unsupported by the evidence and are arbitrary and capricious. With respect to recommendations for discipline, we treat them as "advisory" in the sense that they are not and cannot be binding on this court. If they are unreasonable, we will reject them; if they are reasonable, we will accept and approve them.

In the present case, our review of the evidence demonstrates that the factual findings of the Panel are overwhelmingly supported by the evidence. Calder challenges thirty-one separate findings in great detail, relying almost entirely on his own characterizations and inferences. Of those thirty-one findings, only two are arguably not established clearly and convincingly by the evidence, and those two are of relatively little import. Furthermore, Calder's argument that the scope of the Panel's hearing and findings went beyond that established by the complaints against him is without merit. There is nothing in the evidence or the findings that is wholly irrelevant to either the pending complaints or the scope of the appropriate sanction. In addition, we note that Calder not only did not object to the scope of the evidentiary hearings, but also offered much of the evidence himself about which he now complains.

Calder's argument about the importance of the Panel's view of the effect of a Utah statute on one of his clients likewise deserves summary treatment here. We agree with Bar counsel that the meaning of the statute is irrelevant to the issue of his misconduct, which was amply demonstrated by uncontroverted facts.

▪ Calder's arguments regarding the inappropriateness of the sanction recommended by the Bar depend solely on his version of the facts, which was rejected by the Panel and the Board. Having reviewed the evidence, we agree with the Bar that the facts shown did not create a basis for mitigation and that disbarment is entirely appropriate in this case. The Panel, after extensive hearing and meticulous fact finding, found that Calder had committed fifteen violations of the disciplinary rules, involving conduct central to the issue of fitness to practice law. He carelessly and negligently represented two separate bankruptcy clients and failed to correct his errors when he might easily have done so. In attempting to avoid responsibility for his conduct, he intentionally made false statements in affidavit testimony before several courts. His neglect and incompetence seriously prejudiced his clients' interests, causing them grave economic harm. He further abused the bankruptcy process by filing personal bankruptcy actions in which he intentionally omitted assets in order to prevent one of his clients from collecting a judgment for professional malpractice. Fi-

nally, in the words of the Panel, Calder has "failed to recognize that he has engaged in any misconduct and displays a total lack of remorse and has contradicted on many occasions his own testimony in order to avoid any responsibility...."

In view of Calder's prior disciplinary history and the well-supported findings of the Panel in this matter, we accept the recommendation of the Bar. We order that Calder be disbarred from the practice of law in the state of Utah. We further order that he not be eligible to seek reinstatement unless and until he has satisfied the malpractice judgment obtained against him in the case of *Job v. Calder*, C84–5436 (3d Dist.Ct., Salt Lake County, Utah). Finally, we order Calder to pay the costs of prosecution of this action by the Bar as a further condition of any future reinstatement.

HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

HALL, C.J., concurs in the result.