Ernest L. BAILEY and Sharon
S. Bailey, Plaintiffs and
Appellants,

v.

The UTAH STATE BAR and John
Does I through X, Defendants
and Appellees.

No. 900116.

Supreme Court of Utah.

Jan. 20, 1993.

Carman E. Kipp, Robert H. Rees, Salt Lake City, for Utah State Bar.

J. Stephen Russell, Steven Paul Rowe, Salt Lake City, for Baileys.

STEWART, Justice:

Plaintiffs appeal from an order dismissing their case for failure to state a claim upon which relief can be granted. We affirm.

In March 1978, Ernest and Sharon Bailey retained attorney J. Richard Calder to represent them in bankruptcy proceedings. Calder neglected to list a $1,399 debt that arose from Mr. Bailey's liability for an automobile accident. As a result, the debt was not discharged and Mr. Bailey was prevented from renewing his chauffeur's license and working as a truck driver. From March 1979 until August 1983, the Baileys worked unsuccessfully with Calder to rectify the mistake.

In August 1983, the Baileys filed a complaint against Calder with the Utah State Bar for the incorrect bankruptcy filing and Calder's failure to remedy his error. In October 1983, Bar Counsel informed the Baileys that a three-year limitations period barred their complaint against Calder, but indicated that Calder had agreed to correct the bankruptcy filing for a $10 fee. When the Baileys contacted Calder, he tried to charge them $130. The Baileys again complained to the Bar. At the suggestion of Bar Counsel, the Baileys returned to Calder and paid him $15 in exchange for another promise to amend the bankruptcy filing. Calder filed a motion to reopen the bankruptcy proceeding. The motion was denied, and Calder withdrew as the Baileys' attorney.

Sometime thereafter, the Baileys learned that six weeks before they had filed their first complaint with the Bar, Bar Counsel and the Ethics and Discipline Committee had presented a proposed twenty-one-count complaint against Calder to the Board of Bar Commissioners. Twenty of the counts alleged that Calder had carelessly and incompetently represented various bankruptcy clients. The final count described "a pattern of misconduct including negligence and incompetence." On December 5, 1983, the Bar issued a private reprimand to Calder. Calder was subsequently disbarred because, among other things, "[h]e carelessly and negligently represented ... bankruptcy clients and failed to correct his errors when he might easily have done so." *In re Calder*, 795 P.2d 656, 657 (Utah 1990).

In December 1987, the Baileys filed a complaint in district court alleging that the Bar had been negligent in not protecting them from Calder's negligence. The Bar filed a motion to dismiss on the ground that it was immune from suit under Rule XVI(a) of the *Procedures of Discipline of the Utah State Bar* (codified in Utah Code Jud.Admin. ch. 14) [hereinafter *Procedures of Discipline*], which grants employees of the Bar immunity from civil liability arising out of disciplinary proceedings. Rule XVI(a) states:

> **Disciplinary personnel immune from civil suit.** All members of the Committee, Board, hearing committees, Bar Counsel, disciplinary staff and other persons duly authorized to act in disciplinary proceedings under these rules shall be absolutely immune from civil suit or liability for any conduct in the course of their official responsibilities.

The trial court accepted the Bar's contention that this provision also extends immunity to the Bar as an entity and dismissed the complaint with prejudice.

On review of a dismissal for failure to state a claim under Rule 12(b)(6) of the Utah Rules of Civil Procedure, we accept as true the material allegations in the complaint. We affirm a dismissal only if it is

clear that the plaintiff is not entitled to relief under any facts that could be proved. *Colman v. Utah State Land Bd.*, 795 P.2d 622, 624 (Utah 1990). We resolve any doubt regarding whether a claim should be dismissed in favor of giving a party the opportunity to present its proof. *Colman*, 795 P.2d at 624 (citing *Baur v. Pacific Fin. Corp.*, 14 Utah 2d 283, 284, 383 P.2d 397, 397 (1963)).

The Baileys argue on appeal that the Bar has a duty to protect the public from attorneys known to practice negligently and that the Bar breached that duty when it failed to inform them of the "pattern of misconduct" alleged in the Bar's unadjudicated complaint against Calder. The Bar reiterates its argument that Rule XVI(a) of the *Procedures of Discipline* grants it immunity from suit on the facts alleged. Alternatively, the Bar argues that even if Rule XVI(a) does not extend immunity to it as an entity, the immunity granted Bar disciplinary personnel necessarily negates the legal basis for liability on the part of the Bar.

We agree that the Bar, as an entity, is immune from civil liability arising out of disciplinary proceedings. Our decision, however, is not based on Rule XVI(a), but on the immunity traditionally extended to judges and others engaged in the performance of duties integral to the judicial process. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 346–47, 20 L.Ed. 646 (1871); *Dacey v. New York County Lawyer's Assoc.*, 423 F.2d 188, 191–92 (2d Cir.1969), *cert. denied*, 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970).

■ The efficient operation of the judicial process requires that those closely associated with it be afforded some form of immunity from civil liability. *Simons v. Bellinger*, 643 F.2d 774, 777 (D.C.Cir.1980). For that reason, the common law has long extended absolute immunity to judges for actions taken in their judicial capacities,

except when those actions have been taken in the absence of subject matter jurisdiction. *Bradley*, 80 (13 Wall.) U.S. at 347; *Dacey*, 423 F.2d at 191. Quasi-judicial immunity has also been extended to others involved in the judicial process, such as prosecutors, *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir.1966); *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir.1965), administrative law judges, *Butz v. Economou*, 438 U.S. 478, 513–14, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978), and state bar associations, their personnel and committees, *Kissell v. Breskow*, 579 F.2d 425, 429–30 (7th Cir.1978); *Clark*, 366 F.2d at 681; *Rhodes v. Meyer*, 334 F.2d 709, 718 (8th Cir.1964), *cert. denied*, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); *Simons*, 643 F.2d at 779; *Levanti v. Tippen*, 585 F.Supp. 499, 504 (S.D.Cal.1984); *Greene v. Zank*, 158 Cal.App.3d 497, 204 Cal.Rptr. 770, 778 (1984).

■ Whether a person or entity should be afforded judicial immunity depends upon the specific work or function performed. *Greene*, 204 Cal.Rptr. at 777; *see also Butz*, 438 U.S. at 511–12, 98 S.Ct. at 2913; *Verner v. Colorado*, 533 F.Supp. 1109, 1115 (D.Colo.1982), *aff'd*, 716 F.2d 1352 (10th Cir.1983), *cert. denied*, 446 U.S. 960, 104 S.Ct. 2175, 80 L.Ed.2d 558 (1984). If the acts were committed "in the performance of an integral part of the judicial process," the policies underlying judicial immunity apply and immunity should be granted. *Robichaud*, 351 F.2d at 536.

■ From its beginning, this Court has had the inherent power to regulate the practice of law, which necessarily includes the discipline of those admitted to practice law in this jurisdiction. *Barnard v. Utah State Bar*, 804 P.2d 526, 528 (Utah 1991); *In re McCune*, 717 P.2d 701, 704–05 (Utah 1986). Pursuant to its inherent power, this Court promulgated rules governing admission to the practice of law and attorney discipline in 1981.[1] *See* Rules I–XIII of the

---

1. The Court also adopted rules for integration and governance of the Bar in 1981. *In re Inte-* *gration & Governance of the Utah State Bar*, 632 P.2d 845 (Utah 1981).

*Procedures of Discipline.* A 1985 amendment to the Utah Constitution ratified the Court's inherent power and expressly provided that the Supreme Court "by rule shall govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law." Utah Const. art. VIII, § 4.

The Court delegated part of its regulatory and disciplinary duties to the Bar by promulgating the *Procedures of Discipline.* Under those procedures, the Bar, through the Ethics and Discipline Committee, investigates and hears all complaints charging members of the Bar with unethical or unprofessional conduct. Rule IV(d). The Committee has subpoena power to compel testimony and the production of material documents. Rule IV(e). Once a panel of the Committee has reviewed all the facts developed by the complaint, answer, investigation, and hearing, the panel is charged with making factual determinations and either dismissing the complaint, issuing a letter of admonition to the attorney, conditioning a dismissal of the complaint on specified conduct to be performed by the attorney, referring the complaint to the Board of Bar Commissioners for a private reprimand, or filing a formal complaint against the attorney with the Board. Rule IX(d). In the event the panel files a formal complaint, the Board conducts a disciplinary hearing. Rule XII(a). On the completion of the hearing, the Hearing Committee must make written findings of fact, conclusions of law, and a recommendation as to discipline. Rule XII(e).

█ Although the Bar has limited final decision-making authority in disciplinary matters, its duties with respect to discipline are judicial in nature. In pursuing the disciplinary process and complying with the applicable rules, the Bar essentially functions as an arm of the Supreme Court. As such, the Bar is "protected by the same cloak of absolute judicial immunity worn by that tribunal." *Levanti,* 585 F.Supp. at 504; *see also Clark,* 366 F.2d at 681.

█ The issue before us is whether the Bar, in failing to disclose to the Baileys the pending complaints and disciplinary action against Calder, was acting within the scope of its delegated judicial functions. We believe that it was. Rule VI(a) of the *Procedures of Discipline* prohibits the Bar from disclosing the contents of complaints and matters concerning unadjudicated disciplinary proceedings, with a few specific exceptions:

> All disciplinary proceedings conducted by Bar Counsel before the Ethics and Discipline Committee or its panels shall be confidential and shall not be a matter of public record except as appropriate or necessary to allege and prove private reprimands or private admonitions under Rule VIII(h) in the case of waiver or where affirmative defenses place disciplinary proceedings in issue. The pendency, subject matter and status of an investigation or complaint may be disclosed, however, if:
>
> > (1) The member of the Bar under investigation has waived confidentiality;
> > (2) The disciplinary proceeding is based upon the conviction of a crime;
> > (3) The disciplinary proceeding is based upon allegations that have become generally known to the public.

None of these exceptions is applicable here. The Bar was involved in the preliminary stages of disciplinary proceedings against Calder when it was initially contacted by the Baileys. The failure to disclose this information to the Baileys fell within the prohibition in Rule VI(a), and the Bar's compliance with the rule was in furtherance of its delegated judicial duties with respect to disciplinary procedures. The Bar, therefore, is entitled to judicial immunity for failing to disclose the information.

We recognize that the Bar is integrated and as such performs functions both on behalf of this Court and on behalf of its members. Our holding today is only that quasi-judicial immunity extends to the Bar's judicial functions.

Affirmed.

HALL, C.J., HOWE, A.C.J., and DURHAM and ZIMMERMAN, JJ., concur.