The PEOPLE of the State of
Colorado, Complainant,

v.

J. Richard CALDER, Attorney–
Respondent.

No. 95SA136.

Supreme Court of Colorado,
En Banc.

June 19, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

J. Richard Calder, Salt Lake City, UT, pro se.

PER CURIAM.

This is a reciprocal lawyer discipline proceeding under C.R.C.P. 241.17(d). The Supreme Court of Utah disbarred the respondent in 1990. *In re Calder,* 795 P.2d 656 (Utah 1990). A hearing panel of the Colorado Supreme Court Grievance Committee approved the hearing board's findings and recommendation that the respondent be disbarred in this state based on the Utah proceedings. Neither the respondent nor the assistant disciplinary counsel excepted to the panel's action. We accept the recommendation of the hearing panel and order that the respondent be disbarred and assessed the costs of the proceeding.

I

The respondent was licensed to practice law in Utah in 1959, in Colorado in 1980, and the misconduct for which he was disbarred occurred in Utah. In a 156–page amended answer to the complaint filed by the assistant disciplinary counsel, the respondent contested the validity of the Utah proceedings and their outcome, and accused virtually everyone involved—the complaining witnesses, bar counsel, the disciplinary hearing panel, and the Utah Supreme Court (described by the respondent as "basically incompetent and intellectually dishonest")—of lying, committing perjury, and otherwise engaging in fraudulent conduct to disbar him. After reviewing the record of the Utah proceedings and considering the oral and written arguments of the parties, the hearing board found that the following had been established by clear and convincing evidence. The respondent was disbarred in Utah

for misconduct and neglect in two separate Chapter 7 bankruptcy matters regarding two separate clients; for submitting affidavits containing false information in two civil malpractice actions filed against him by the clients; for filing personal bankruptcies in 1984 and 1986, in bad faith, and in an attempt to defeat the claims of the plaintiffs in the malpractice actions; for delaying in notifying the plaintiffs in the civil malpractice matters of his bankruptcy

filings when he knew the plaintiffs were potential creditors; and for filing significantly disparate schedules of assets in his personal Chapter 13 bankruptcy in 1984 and Chapter 7 in 1986.

*See In re Calder*, 795 P.2d at 657–58. For an overview of the respondent's personal bankruptcy proceedings, see *In re Calder*, 973 F.2d 862 (10th Cir.1992). The board found that the Utah proceedings were final for the purpose of C.R.C.P. 241.17(a), which states that "[e]xcept as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of a lawyer shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct." The hearing board appropriately declined the respondent's invitation to retry the Utah disciplinary proceedings.

## II

The hearing panel approved the board's recommendation that the respondent be disbarred. We impose the same discipline that was imposed in the foreign jurisdiction unless certain exceptions exist. *People v. Mattox*, 862 P.2d 276, 277 (Colo.1993). C.R.C.P. 241.17(d)(1)–(4) provides:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court. C.R.C.P. 241.17(d)(1)–(4). The hearing board properly placed the burden on the respondent to demonstrate by clear and convincing evidence that less severe discipline, or that no discipline, should be imposed in Colorado. *See* ABA Model Rules for Lawyer Disciplinary Enforcement Rule 22(D) (1993) ("The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate."); *see also In re Dreier*, 651 A.2d 312, 314 (D.C.1994) (burden is on lawyer in reciprocal disciplinary proceeding to show by clear and convincing evidence why identical discipline should not be imposed, citing D.C.App.R. XI, § 11(c)); *State ex rel. Nebraska State Bar Ass'n v. Radosevich*, 243 Neb. 625, 501 N.W.2d 308, 312 (1993) (lawyer-respondent in reciprocal discipline action bears the burden of establishing that discipline imposed in Nebraska should be less severe than that previously imposed in Colorado).

Before the hearing board, the respondent claimed that all of the exceptions contained in C.R.C.P. 241.17(d) applied and that no discipline was appropriate in Colorado. The hearing board rejected these contentions, concluding that the respondent had failed to demonstrate that the Utah proceedings did not comport with due process since he had participated in five days of evidentiary hearings, followed by an appeal. C.R.C.P. 241.17(d)(1). Moreover, there was no proof that imposition of the same discipline in Colorado would result in a grave injustice or that the misconduct established warranted a substantially different sanction in this state. C.R.C.P. 241.17(d)(3), (4).

The thrust of the respondent's defense was that the proof upon which the findings of misconduct rested was infirm. C.R.C.P. 241.17(d)(2). A determination in the respondent's favor would require the hearing board to reweigh the credibility of the witnesses at the Utah hearing, however, and this the board properly declined to do.

The respondent did not except to the panel's approval of the board's findings and con-

clusions, and the records of the Utah proceedings and the proceedings below have not been filed with the court. We therefore assume that the hearing board's findings are supported by the record and are correct. Accordingly, we accept the panel's recommendation that the respondent be disbarred.

### III

It is hereby ordered that J. Richard Calder be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is also ordered that the respondent pay the cost of this proceeding in the amount of $404.72 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.