The PEOPLE of the State of
Colorado, Complainant

v.

David A. HARPER, Respondent.

No. 12PDJ018.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Sept. 21, 2012.

Attorney Regulation. The Presiding Disciplinary Judge suspended David A. Harper (Attorney Registration Number 15400) for ninety-one days, with the requirement of reinstatement proceedings, effective December 13, 2012. Harper violated Florida Rules of Professional Conduct 4–1.1 (a lawyer shall provide competent representation), 4–3.2 (a

lawyer shall make reasonable efforts to expedite litigation), 4–3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal), 4–8.2(a) (a lawyer shall not knowingly or recklessly make a false statement concerning a judge's integrity), 4–8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 4–8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 4–3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal). The Supreme Court of Florida suspended him for ninety-one days, with the requirement that he prove rehabilitation before recommencing the practice of law. Harper's misconduct in the matter constitutes grounds for the imposition of reciprocal discipline pursuant to C.R.C.P. 251.21(e).

## ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMPLAINANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Presiding Disciplinary Judge ("the Court") on the following pleadings: (1) "Respondent's Motion for Summary Judgment under C.R.C.P. 56(h)," filed by WILLIAM MUHR, counsel for David A. Harper ("Respondent") on August 15, 2012; (2) "Complainant's Response to Respondent's Motion for Summary Judgment under C.R.C.P. 56(b)," filed by ADAM J. ESPINOSA, Office of Attorney Regulation Counsel ("the People") on August 29, 2012; (3) Respondent's "Reply to Complainant's Response to Respondent's Motion for Summary Judgment under C.R.C.P. 56(h)," filed on September 5, 2012; (4) "Complainant's Motion for Summary Judgment," filed on August 14, 2012; (5) Respondent's "Response to Complainant's Motion for Summary Judgment," filed on August 28, 2012; (6) "Complainant's Reply to Motion for Summary Judgment," filed on September 4, 2012; and (7) the People's "Addendum to Complainant's Reply to Motion for Summary Judgment," filed on September 12, 2012.[1]

## I. BACKGROUND

Respondent was admitted to the bar of the State of Colorado on November 29, 1985, and is listed upon the official records under attorney registration number 15400, with the business address of 2015 W. Cheyenne Road, Colorado Springs, Colorado 80906.[2] He is thus subject to the jurisdiction of the Court in these disciplinary proceedings.[3]

This is a reciprocal discipline case arising out of Respondent's suspension from the practice of law in the State of Florida. C.R.C.P. 251.21(d) requires disciplinary counsel to file a complaint against a Colorado attorney who has been publicly disciplined in another jurisdiction. The People filed their complaint in this matter on February 17, 2012, and Respondent filed an answer on April 16, 2012. A three-day hearing was set to commence on October 10, 2012.

## II. LEGAL STANDARDS

### C.R.C.P. 56(h)

C.R.C.P. 56(h), the rule under which Respondent filed his motion for summary judgment, provides:

---

1. The parties also filed several ancillary documents: (1) a "Notice of Corrected Exhibits to Complainant's Response to Respondent's Motion for Summary Judgment under C.R.C.P. 56(b)," filed by the People on August 30, 2012, (2) a "Notice of Correction to Affidavit Attached to Reply to Complainant's Response to Respondent's Motion for Summary Judgment under C.R.C.P. 56(h) (to correct language of sworn oath only)," filed by Respondent on September 7, 2012; (3) a "Notice of Corrected Description of Exhibits to Respondent's [sic] Motion for Summary Judgment under C.R.C.P. 56(h)," filed by Respondent on September 7, 2012, (4) a "Notice of Corrected Description of Exhibits Attached to Response to Complainant's Motion for Summary Judgment," filed by Respondent on September 7, 2012; (5) a "Notice of Correction to Affidavit Attached to Response to Complainant's Motion for Summary Judgment (to correct language of sworn oath only)," filed by Respondent on September 10, 2012; and (6) a "Notice of Correction to Affidavit Attached to Respondent's Motion for Summary Judgment under C.R.C.P. 56(h) (to correct language of sworn oath and add completed notary block and seal)," filed by Respondent on September 10, 2012.

2. Although Respondent does not admit these facts-which the Court finds hard to comprehend—the Court takes judicial notice of this information on the Colorado Supreme Court's attorney information website.

3. See C.R.C.P. 251.1(b).

Determination of a Question of Law. At any time after the last required pleading, with or without supporting affidavits, a party may move for determination of a question of law. If there is no genuine issue of any material fact necessary for the determination of the question of law, the court may enter an order deciding the question.

The Colorado Supreme Court has recognized that the purpose of this rule is:

> to allow the court to address issues of law which are not dispositive of a claim (thus warranting summary judgment) but which nonetheless will have a significant impact upon the manner in which the litigation proceeds. [Resolving such issues] will enhance the ability of the parties to prepare for and realistically evaluate their cases ... and allow the parties and the court to eliminate significant uncertainties on the basis of briefs and argument, and to do so at a time when the determination is thought to be desirable by the parties.[4]

When a court reviews a motion filed under C.R.C.P. 56(h), "[t]he nonmoving party is entitled to all favorable inferences."[5]

### C.R.C.P. 56(c)

 The Court reviews the People's motion for summary judgment under C.R.C.P. 56(c). That rule provides that summary judgment is appropriate when the pleadings, affidavits, depositions, or admissions show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[6] Summary judgment permits the parties to pierce the formal allegations of the pleadings and save the time and expense involved in a trial when, as a matter of law and based on undisputed facts, one party could not prevail.[7]

 The burden of establishing the non-existence of a genuine issue of material fact is on the moving party.[8] This burden is satisfied by demonstrating that there is an absence of evidence in the record to support the nonmoving party's case.[9] Once the moving party meets this initial burden, the burden shifts to the nonmoving party to establish that there is a triable issue of fact.[10] The nonmoving party cannot rest upon mere allegations or denials; rather, it must present specific facts showing the existence of a genuine and material factual dispute.[11]

### C.R.C.P. 251.21

In reciprocal discipline proceedings, except as otherwise provided by rule, "a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall ... conclusively establish such misconduct."[12] C.R.C.P. 251.21 directs the Court to order the same discipline as was imposed in a sister jurisdiction unless certain exceptions exist.[13] As relevant here, the same discipline should be imposed unless the Court determines that, as Respondent alleges, the disciplinary proceeding in Florida did not comport with due process requirements.[14]

 Respondent is mistaken in his view—which he does not support with any legal authority—that he is "entitled to an independent review of the actions taken in the for-

---

4. *Matter of Bd. of County Comm'rs of County of Arapahoe*, 891 P.2d 952, 963 n. 14 (Colo.1995) (quoting 5 Robert Hardaway & Sheila Hyatt, *Colorado Civil Rules Annotated* § 56.9 (1985)).

5. *Henisse v. First Transit, Inc.*, 247 P.3d 577, 579 (Colo.2011).

6. C.R.C.P. 56(c); *see Civil Serv. Comm'n v. Pinder*, 812 P.2d 645, 649 (Colo.1991); *Jones v. Dressel*, 623 P.2d 370, 373 (Colo.1981).

7. *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231, 238 (Colo.1984); *A–1 Auto Repair & Detail, Inc. v. Bilunas–Hardy*, 93 P.3d 598, 603 (Colo.App.2004).

8. *See Cont'l Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo.1987).

9. *Id.*

10. *Id.* at 713.

11. *Id.*

12. C.R.C.P. 251.21(a).

13. *See also People v. Meyer*, 908 P.2d 123, 124 (Colo.1995).

14. C.R.C.P. 251.21(d)(1).

eign bar proceedings."[15] The legality and validity of already-adjudicated proceedings may not be collaterally attacked or re-tried in reciprocal disciplinary proceedings.[16] "There is no need for a de novo repetition of the entire process" when "another jurisdiction has already afforded the attorney a disciplinary procedure that includes notice, an opportunity to be heard, sufficient proof of misconduct, and a determined sanction."[17]

■ In reviewing Respondent's due process arguments, the Court is mindful that, while a respondent attorney is entitled to due process in disciplinary proceedings,[18] the lawyer need not be afforded the full panoply of constitutional safeguards granted to defendants in criminal trials.[19] The Colorado Supreme Court has found that disciplinary proceedings comported with due process standards where respondents had notice of the proceedings, were present or were represented at the proceedings, had the opportu-nity to question witnesses and to introduce evidence, and were able to file an appeal.[20]

Where there are sufficient undisputed facts material to a due process determination under C.R.C.P. 251.21(d)(1), the Court may resolve such a case as a matter of law[21] based on Colorado's due process standards.[22]

## III. UNDISPUTED MATERIAL FACTS

Respondent was licensed to practice law in Florida in 1985.[23] Florida bar counsel filed a complaint against Respondent and served a copy upon him on December 21, 2009.[24] The complaint alleged that Respondent engaged in misconduct while assisting his parents in litigation filed against United States Automobile Association ("USAA") in Seminole County, Florida, in February 2005 (*Harper v. USAA*, Case Number 05–CA–401).[25]

Judge Alan Dickey presided over the

---

15. Reply to Complainant's Resp. to Respondent's M. Summ. J. at 2–3.

16. *People v. Smith*, 937 P.2d 724, 728 (Colo. 1997); *see also People v. Calder*, 897 P.2d 831, 832 (Colo.1995) (determining that a hearing board "appropriately declined the respondent's invitation to retry the Utah disciplinary proceedings"); *In re Fuchs*, 905 A.2d 160, 164 (D.C. 2006) ("reciprocal disciplinary proceedings are not a forum to reargue the foreign discipline").

17. *Matter of Velasquez*, 507 A.2d 145, 147 (D.C. 1986).

18. *In re Ruffalo*, 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); *In re Egbune*, 971 P.2d 1065, 1072 (Colo.1999).

19. *People v. Morley*, 725 P.2d 510, 514 (Colo. 1986); *People v. Harfmann*, 638 P.2d 745, 747 (Colo.1981).

20. *People v. Williams*, 892 P.2d 885, 887 (Colo. 1995) (finding no due process violation in Virginia disciplinary proceeding where the attorney had notice of that proceeding, the attorney was represented by counsel, the attorney's counsel cross-examined witnesses and introduced exhibits, and bar counsel were required to prove misconduct by clear and convincing evidence); *Calder*, 897 P.2d at 832 (approving a hearing board's findings that a respondent had failed to demonstrate lack of due process in a foreign disciplinary proceeding, where the attorney had participated in five days of evidentiary hearings, followed by an appeal); *People v. Payne*, 738 P.2d 374, 375 (Colo.1987) (rejecting contention that Indiana grievance proceeding deprived attorney of due process where attorney admitted he had notice of that proceeding, attended a hearing, and presented witnesses, but his appeal was dismissed after he failed to file a transcript).

21. While C.R.C.P. 251.21(d) states that "[a]t the conclusion of proceedings brought under this Rule, the Hearing Board shall issue a decision," at least one other jurisdiction has held that challenges to reciprocal discipline may be decided as a matter of law. *See In re Disciplinary Proceedings Against Peiss*, 329 Wis.2d 325, 788 N.W.2d 636, 639 (2010) (holding that bar counsel was entitled as a matter of law to the entry of judgment imposing reciprocal discipline); *In re Disciplinary Proceedings Against Selmer*, 227 Wis.2d 85, 595 N.W.2d 373, 374 (1999) (approving entry of summary judgment on basis of reciprocal discipline when the respondent attorney failed to show that the foreign adjudication deprived him of due process); *accord In re Smith*, 989 P.2d 165, 176 (Colo.1999) (rejecting respondent's contention that hearing board's presiding officer committed reversible error in granting summary judgment against him regarding certain of his defenses and mitigating circumstances).

22. *See Smith*, 937 P.2d at 727, 729 (measuring disciplinary procedure in federal court against Colorado's due process standards).

23. Complainant's M. Summ. J. Ex. B at 1.

24. Respondent's M. Summ. J. Ex. 4 at 21.

25. Complainant's M. Summ. J. Ex. B at 2; Respondent's M. Summ. J. at 2 & Ex. 4.

USAA lawsuit beginning in 2006.[26] In June 2008, disagreements arose in the case regarding the coordinated scheduling of hearings.[27] After Judge Dickey issued rulings adverse to Respondent, Respondent moved to disqualify him.[28] The case was reassigned to Judge Nancy Alley, who Respondent moved to disqualify on the grounds that she worked in the same division as Judge Dickey.[29] He also sought Judge Alley's removal by filing a petition for writ of prohibition in the court of appeals.[30] Judge Alley ultimately recused herself and filed a grievance against Respondent.[31]

Judge Robert L. Pegg served as referee in the Florida disciplinary proceeding. Prior to the hearing, Judge Pegg quashed Respondent's subpoenas of four members of the grievance committee and denied Respondent's motion to disqualify him.[32] A three-day disciplinary hearing commenced on September 28, 2010.[33] Respondent represented himself at that hearing.[34] He called four witnesses and entered fourteen documents into evidence.[35]

Judge Pegg issued a "Report of Referee" on October 26, 2010.[36] The report concluded that Respondent violated Florida Rules of Professional Conduct 4–1.1 (a lawyer shall provide competent representation), 4–3.2 (a lawyer shall make reasonable efforts to expedite litigation), 4–3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal), 4–8.2(a) (a lawyer shall not knowingly or recklessly make a false statement concerning a judge's integrity), 4–8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 4–8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 4–3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal).[37] Judge Pegg recommended that Respondent be suspended from the practice of law for ninety-one days and thereafter until Respondent demonstrated his rehabilitation.[38]

The report found:

The manner in which respondent chose to challenge the judges' actions in the underlying case has done nothing but cause delay for a purpose and/or purposes that are unclear. The evidence demonstrated clearly and convincingly that respondent knowingly disobeyed an obligation under the rules of the tribunal when he scheduled a hearing before Judge Dickey after Judge Dickey had explicitly told him to coordinate hearing dates and times with opposing counsel.... However, the most egregious conduct engaged in by respondent was his knowing false statements to the tribunal [including] as to the conduct of the judges as asserted by respondent in his numerous motions to disqualify and/or petitions, his outright misrepresentations as to the statements made by Judge Alley, and the statements respondent made that he knew were false or with reckless disregard as to their truth or falsity concerning the qualifications or integrity of the judges in Seminole County, Florida. The magnitude of respondent's unethical and unprofessional conduct cannot be minimized.[39]

26. Complainant's M. Summ. J. Ex. B at 2; Respondent's M. Summ. J. at 2.

27. Complainant's M. Summ. J. Ex. B at 2–3.

28. Complainant's M. Summ. J. Ex. B at 3–4; Respondent's M. Summ. J. at 2.

29. Complainant's M. Summ. J. Ex. B at 6; Respondent's M. Summ. J. at 2.

30. Complainant's M. Summ. J. Ex. B at 13; Respondent's M. Summ. J. at 3.

31. Complainant's M. Summ. J. Ex. B at 15–16; Respondent's M. Summ. J. at 4.

32. Respondent's M. Summ. J. at 5; Complainant's Resp. to Respondent's M. Summ. J. Ex. 2 at 36.

33. Complainant's M. Summ. J. Ex. B at 1.

34. Complainant's M. Summ. J. Ex. B at 1.

35. Complain ant's M. Summ. J. Ex. B at 2.

36. Complainant's M. Summ. J. Ex. B.

37. Complainant's M. Summ. J. Ex. B at 21–22.

38. Complainant's M. Summ. J. Ex. B at 22.

39. Complainant's M. Summ. J. Ex. B at 20.

Respondent appealed the referee's report to the Supreme Court of Florida in December 2010.[40] His request for oral argument was denied.[41] On August 17, 2011, the Supreme Court of Florida entered an order suspending Respondent from the practice of law in Florida for ninety-one days, with the requirement of reinstatement.[42] The Supreme Court of Florida subsequently denied Respondent's motion for rehearing and oral argument.[43]

## IV. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In order to honor the different burdens placed on moving and on nonmoving parties under C.R.C.P. 56, the Court considers Respondent's and the People's motions for summary judgment separately. The Court first addresses Respondent's motion for summary judgment.

Respondent sets forth thirty-eight "undisputed" "material facts," which concern the USAA litigation and the disciplinary proceedings in Florida. The People contend that the assertions in Respondent's statement of material facts have already been addressed in the Florida proceeding and are immaterial. In his reply, Respondent argues that the People failed to comply with the at-issue conference order because they "disputed" rather than "admitted or denied" Respondent's assertions of material fact and because they did not style a heading in their response in the precise terms set forth in the at-issue conference order. Although the Court would prefer for the parties to use the terminology set forth in the at-issue conference order, the People's deviations from the Court's order are not substantive and certainly do not merit striking the People's entire brief or deeming all of Respondent's assertions of fact to be admitted, as Respondent proposes.

The Court concludes that Respondent's motion for summary judgment is deficient for several reasons. As an initial matter, Respondent misapplies C.R.C.P. 56(h), which is intended to permit a court to "address issues of law which are not dispositive of a claim."[44] Respondent essentially seeks resolution of the entire case in his C.R.C.P. 56(h) motion.

Moreover, even if the Court grants Respondent the benefit of reviewing his motion under the proper rule, C.R.C.P. 56(c), the Court cannot identify facts forming a proper basis for an award of summary judgment in Respondent's favor. Many of his factual assertions are presented in a subjective fashion and clearly are not uncontested "facts." As but one example, Respondent asserts as fact that "Judge Dickey revealed his bias in favor of the USAA."[45]

These deficiencies are greatly compounded by Respondent's failure to make "specific reference[s] to evidence or materials supporting the factual allegation," as required on page seven of the Court's at-issue conference order. Unlike the terminology issues in the People's response that Respondent protests, Respondent's own noncompliance with the at-issue conference order greatly complicates the Court's task.[46] Indeed, Respondent's failure to cite evidentiary support not only prejudices the Court but also prejudices Respondent himself, as the Court has been unable to identify evidence supporting many of his assertions.

In light of the inferences to be drawn in the People's favor under C.R.C.P. 56, the Court finds a wholly inadequate factual basis for Respondent's motion. Because Respondent has not carried his initial burden to show the nonexistence of issues of material fact, there is no need to examine the merits of his legal arguments regarding his alleged

40. Complainant's M. Summ. J. Ex. C at 5.

41. Complainant's M. Summ. J. Ex. C at 6; Respondent's M. Summ. J. at 5.

42. Complainant's M. Summ. J. Ex. A.

43. Complainant's M. Summ. J. Ex. C at 6.

44. *Matter of Bd. of County Comm'rs of County of Arapahoe,* 891 P.2d at 963 n. 14.

45. Respondent's M. Summ. J. at 3–4.

46. *See O'Quinn v. Baca,* 250 P.3d 629, 631 (Colo. App.2010) (noting that parties had failed to comply with an appellate rule requiring citations to the record and stating that the court is under no obligation to conduct a search of the record on its own).

facts. Respondent's motion simply does not begin to establish that he was denied due process of law. As such, the Court denies Respondent's motion for summary judgment.

## V. COMPLAINANT'S MOTION FOR SUMMARY JUDGMENT

■ No legitimate dispute exists that the Supreme Court of Florida suspended Respondent from the practice of law for ninety-one days with the requirement of reinstatement.[47] With limited exceptions, a "final adjudication in another jurisdiction of misconduct constituting grounds for discipline ... conclusively establish[es] such misconduct" for purposes of reciprocal discipline in Colorado.[48] Accordingly, the People have met their burden of proof. The burden of proof thus shifts to Respondent to establish that a triable issue of fact exists in this matter.[49]

Respondent contends, pursuant to C.R.C.P. 251.21(d)(1), that the procedure followed in Florida did not comport with the requirements of due process. He presents the following due process challenges to the Florida disciplinary proceedings: (1) Judge Pegg was never properly qualified as the "successor referee" pursuant to Florida regulations and was disqualified from hearing Respondent's disciplinary case; (2) the Florida bar's complaint failed to provide adequate notice of the claims against him; (3) Respondent's rights to petition and to free speech were infringed; (4) Judge Pegg denied Respondent's right to confront witnesses; (5) the complaining judges were disqualified from the underlying civil proceedings; (6) the referee's report improperly adopted the proposed report submitted by Florida bar counsel; and (7) Respondent's right to render an oral argument before the Supreme Court of Florida was denied.[50]

■ Based on the standards explained in Section II of this order, the Court has no difficulty concluding that Respondent's due process rights were honored in the Florida proceeding. Respondent was provided notice of the claims against him, and he was given the opportunity to present witnesses and evidence on his behalf and to appeal the referee's report. Respondent's arguments that Judge Pegg was not properly qualified as the "successor referee" and was disqualified from hearing Respondent's disciplinary case; that Respondent's rights to petition and to free speech were infringed; that the complaining judges were disqualified from the underlying civil proceedings; and that the referee's report improperly adopted the proposed report submitted by Florida bar counsel all fall outside the scope of review of alleged due process deprivations under C.R.C.P. 251.21(d).[51]

47. The Court finds no merit in the argument on page one of Respondent's response to the People's motion for summary judgment that the Supreme Court of Florida's order approving Judge Pegg's report is "void *ab initio* " because it was "made by the Florida Bar counsel (and not by a referee)." *See Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 376 (Colo.1994) ("Adoption of a prevailing party's proposed findings of fact and conclusions of law is not necessarily improper."); *Elec. Power Research Inst., Inc. v. City & County of Denver*, 737 P.2d 822, 829 (Colo.1987) (holding that a hearing officer's adoption of proposed findings of fact and conclusions of law submitted by one of the parties did not deprive the other party of due process, nor did it imply that the hearing officer lacked impartiality).

48. C.R.C.P. 251.21(a).

49. *See Calder*, 897 P.2d at 832 (noting that the hearing board in a reciprocal disciplinary proceeding properly placed the burden on the respondent to demonstrate by clear and convincing evidence that less severe discipline, or no discipline, should be imposed in Colorado); *cf. In re Kramer*, 282 F.3d 721, 724 (9th Cir.2002) (citing federal cases concluding that it is the burden of a respondent attorney to show by clear and convincing evidence that reciprocal discipline should not be imposed).

50. Respondent also made these assertions in his own motion for summary judgment. Because the Court must draw all favorable inferences in Respondent's favor when reviewing the People's motion for summary judgment, the Court undertakes a closer examination of Respondent's due process challenges here than the Court did in its review of the People's motion.

51. Although these arguments are outside the scope of this proceeding, a brief review strongly suggests that the arguments lack merit. For instance, as noted above, there is no legal basis for Respondent's argument that Judge Pegg violated due process standards or Florida rules, which require a referee to "make" a report, when Judge Pegg adopted proposed findings submitted by bar counsel. *See Elec. Power Research Inst.*, 737 P.2d at 829; *Am. Water Dev.*, 874 P.2d

Respondent's remaining arguments do implicate the right to notice, to present witnesses and evidence, and to appeal an adverse judgment, and the Court therefore will examine each in turn.

First, Respondent asserts that the Florida bar's complaint provided inadequate notice of the claims against him. More specifically, Respondent argues that the format of the complaint—in which a list of allegedly violated rules followed a list of alleged facts—was "vague and/or ambiguous" because he was forced to guess which rule applied to which facts.[52] Respondent cites no Colorado law that supports his position that the format of the Florida bar's complaint was deficient on due process grounds. The Court finds that the complaint, which contains eighty-six factual allegations, amply alerts Respondent to the nature of the alleged misconduct.[53]

Next, Respondent argues that Judge Pegg denied his right to confront witnesses by quashing Respondent's subpoenas of grievance committee members, restricting Respondent's questioning of Judge Dickey regarding his relationship with members of the grievance committee, and refusing to allow Respondent to enter Judge Alley's grievance into evidence. Respondent's allegations regarding the "rigging" of the grievance committee appear to have been speculative and irrelevant to the allegations of misconduct, such that Judge Pegg acted within his discretion in quashing the subpoenas of the grievance committee members.[54] Similarly, Judge Pegg was vested with discretion to rule that Respondent's questions regarding Judge Dickey's relationship with members of the grievance committee were irrelevant.[55] In addition, Respondent has not demonstrated that Judge Pegg's decisions to exclude Judge Alley's grievance while admitting into evidence bar counsel's allegedly incomplete exhibits caused him harm. In sum, Respondent had ample opportunity to defend against the disciplinary charges, and he has not shown that he was prejudiced by Judge Pegg's evidentiary rulings.[56]

Finally, Respondent contends that his right to present oral argument before the Supreme Court of Florida was denied. Respondent is incorrect in believing he had a due process right to present oral argument in his disciplinary appeal. He offers no legal authority supporting this contention, with the exception of a Florida rule, the plain language of which does not support Respondent's argument.[57] The United States Su-

at 376. In addition, the Court cannot comprehend Respondent's argument that Judge Pegg was improperly appointed. Respondent argues: "Even though under the above rule [Rule 3–7.6(h)(8) at page 1–9 of Exhibit 1], only the chief justice of the Florida Supreme Court could appoint the successor referee, the "successor referee," Judge Pegg, was appointed by [ ] the Chief Judge of the Nineteenth Judicial Circuit." Respondent's M. Summ. J. at 7. But the rule which Respondent cites for that proposition and includes on page 1–9 of exhibit 1 to his motion reads: "In the event of a disqualification, the chief judge of the appropriate circuit shall appoint a successor referee from that same circuit." Thus, Respondent's own legal authority does not require the chief justice of the Supreme Court of Florida to appoint a referee.

52. Respondent's M. Summ. J. at 9.

53. See Respondent's M. Summ. J. Ex. 4; *Smith*, 937 P.2d at 728; *In re Smith*, 989 P.2d at 171. The decision in *In re Bielec*, 755 A.2d 1018 (D.C.2000) exemplifies the type of circumstances meriting a finding of due process violations in a reciprocal discipline context. In that case, in stark contrast to the case at bar, the court was "unable to identify any evidence in the record which describes the specific charges against [the attorney] or the ethical violations that form the basis for his suspension." *Id.* at 1024.

54. See *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) (holding that a defendant may not, via compulsory process, "secure the attendance and testimony of any and all witnesses," but must first "at least make some plausible showing of how their testimony would have been both material and favorable to his defense").

55. See *Adams v. Frontier Airlines Fed. Credit Union*, 691 P.2d 352, 355 (Colo.App.1984) ("A trial court has broad discretion in receiving or rejecting evidence on relevancy grounds.").

56. See *In re Marriage of Dauwe*, 148 P.3d 282, 286 (Colo.App.2006) (stating that, to establish a due process violation, a party must show that the absence of a witness caused him prejudice).

57. See Respondent's M. Summ. J. at 14 (noting that Rule 3–7.7(c)(4) of the Rules Regulating the Florida Bar state: "Request for oral argument may be filed in any case wherein a petition for

preme Court has held that "the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations. Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised." [58] The Colorado Supreme Court has not identified a due process right to present oral argument; in numerous disciplinary proceedings, it has denied respondents' requests for oral arguments and issued rulings based on the record on appeal.[59] Respondent has not presented any persuasive reason why the Supreme Court of Florida should have granted oral argument, nor does it appear that the issues in his case were sufficiently complex or noteworthy to make oral argument advisable.

■ In sum, Respondent has not carried his burden to show that the Florida disciplinary proceedings deprived him of due process.[60] Accordingly, the Court will grant the People's motion for summary judgment and, as dictated by C.R.C.P. 251.21(d), impose the same discipline ordered in Florida: suspension for ninety-one days, with the requirement that Respondent petition for reinstatement of his law license and prove rehabilitation.

review is filed, at the time of filing the first brief. If no request is filed, the case will be disposed of without oral argument unless the Court orders otherwise."). To read this rule as requiring any and all requests for oral argument to be granted requires a highly contorted interpretation.

58. *Fed. Cmmc'ns Comm'n v. WJR, The Goodwill Station*, 337 U.S. 265, 275–76, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949); *see also State ex rel. Reed v. Schwab*, 287 Or. 411, 600 P.2d 387, 390 (Or. 1979) (noting that the United States Supreme Court "itself often denies oral argument in cases involving fairly important questions") (citing 1 K. Davis, Administrative Law Treatise 434–35, § 7.07 (1958)).

59. *See also Guerra v. Supreme Court of Texas*, 165 F.3d 24 (5th Cir.1998) (rejecting due process challenge to rules permitting the Texas Supreme Court to decide disciplinary appeals without oral argument, and stating that "due process does not require oral argument in cases in which there are no novel or complex issues of law; good briefs are submitted by both parties; the record

## VI. *ORDER*

The Court therefore **ORDERS**:

1. The Court **DENIES** "Respondent's Motion for Summary Judgment under C.R.C.P. 56(h)" and **GRANTS** "Complainant's Motion for Summary Judgment."

2. David A. Harper, attorney registration number 15400, is **SUSPENDED FOR NINETY–ONE DAYS, WITH THE REQUIREMENT OF REINSTATEMENT PROCEEDINGS.** The suspension **SHALL** take effect only upon issuance of an "Order and Notice of Suspension." [61]

3. The three-day hearing scheduled to commence on October 10, 2012, at 9:00 a.m. is **VACATED.**

4. Respondent **SHALL** file any post-hearing motion or application for stay pending appeal with the Court **on or before October 12, 2012.** No extensions of time will be granted. If Respondent files a post-hearing motion or an application for stay pending appeal, the People **SHALL** file any response thereto within seven days, unless otherwise ordered by the Court.

5. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** submit a "Statement of Costs"

is not overly voluminous, and the case involves no broad issues of social policy").

60. The Court notes that this finding is supported by an "Order Denying Relief from the Rule of Good Standing," issued by the U.S. District Court for the District of Colorado in *In the Matter of David Anthony Harper*, 11–DP–51, on August 31, 2012. In that order, the federal disciplinary panel found "overwhelming evidence that [Respondent's] due process rights were scrupulously protected" in the Florida disciplinary proceeding, and that "[i]n no conceivable way can the procedures resulting in [Respondent's] discipline be said to have been so lacking in notice or opportunity to be heard to constitute a denial of his right to due process." Addendum to Reply to M. Summ. J. Ex. G at 4.

61. In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.

within fourteen days from the date of this order. Respondent's response to the People's statement, if any, must be filed no later than fourteen days thereafter.

6. Respondent **SHALL** promptly comply with C.R.C.P. 251.28(a)-(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation. Respondent also **SHALL** file with the Court, within fourteen days of the issuance of the "Order and Notice of Suspension," an affidavit complying with C.R.C.P. 251.28(d).

