**The PEOPLE of the State of Colorado, Complainant,**

v.

**Cecil A. HARTMAN, Attorney-Respondent.**

**No. 86SA399.**

Supreme Court of Colorado, En Banc.

Oct. 5, 1987.

mended that respondent be suspended from practice for six months. The hearing panel concurred, and so do we. Accordingly, respondent is suspended from the practice of law for six months from the date of this opinion and directed to pay the costs of these proceedings.

## I.

A complaint was filed by the disciplinary prosecutor on October 3, 1985, alleging that respondent had been suspended from practice before the United States Tax Court (tax court), on September 14, 1985, for a period of six months for filing frivolous pleadings. What the tax court considered frivolous in respondent's pleading was his argument, presented in petitions in three separate cases, that "wages are not income" subject to taxation. The argument has for many decades been considered without merit by the tax court. Moreover, the tax court has recently indicated that the raising of the argument would be considered frivolous and would subject attorneys and parties raising the argument to disciplinary action.

The complaint also alleged that the respondent had not reported such suspension to the committee counsel of the Grievance Committee as required by C.R.C.P. 241.-17(b). The complaint alleged that the respondent's conduct before the tax court violates C.R.C.P. 241.6 and 241.17(d), and DR1–102(A)(1), DR1–102(A)(5), DR1–102(A)(6), and DR7–102(A)(2) of the Code of Professional Responsibility. The parties stipulated that the respondent had been suspended from practice before the tax court as alleged in the complaint and that on January 10, 1986, the United States Court of Appeals for the District of Columbia Circuit affirmed the order of suspension. The court denied respondent's motion for rehearing on March 11, 1986. The parties also stipulated that the respondent did not immediately report the action of the tax court to the committee counsel of the Grievance Committee as required by C.R.C.P. 241.17(b), because respondent believed that he was not required to do so until a final adjudication by the appellate court.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Scott McLarty, Athens, Ga., for attorney-respondent.

ROVIRA, Justice.

In this disciplinary proceeding, it was alleged that Cecil A. Hartman, a member of the bar of the Supreme Court, State of Colorado, since 1949, had been suspended from practice before the United States Tax Court for filing frivolous pleadings and failing to report the suspension to the Colorado Supreme Court Grievance Committee. Based upon stipulated facts, a hearing board of the Grievance Committee recom-

Prior to the hearing date, counsel for respondent, the disciplinary prosecutor, and the chairman of the hearing board held a tele-conference at which time respondent's counsel indicated that if the appeal were denied by the District of Columbia Circuit, he would not contest the validity of the finding of frivolousness. Accordingly, no briefs were filed on this issue, and the respondent did not file a copy of the record of the disciplinary proceeding before the tax court as is required by C.R.C.P. 241.-17(d), if a challenge to the validity of the tax court's order was to be made.

A hearing was held on July 10, 1986. Respondent did not testify and called no witnesses, but did offer an affidavit of Larry E. Blount, a professor at the University of Georgia Law School. Blount's affidavit addressed two major issues. These same issues were also raised by respondent's counsel in the brief he submitted to this court.

First, Blount argues in his affidavit that respondent should not be suspended from practice in Colorado on account of his suspension by the tax court because the jurisdiction of that court, established under article I of the United States Constitution by congressional enactment, is limited to tax issues and does not extend to the full judicial power over "all cases in law and equity" that is vested in constitutional courts under article III or state courts of general jurisdiction. Further, in interpreting "foreign jurisdiction" under C.R.C.P. 241.17(d) to include courts of limited jurisdiction, such as the tax court, with a focus on a narrow field of law and highly specialized practices, as well as courts of general jurisdiction, courts which focus on the wide variety of skills or conduct needed for the general practice of law, the Grievance Committee lost sight of important differences between the licensure concerns and policies of the two types of jurisdiction.

"Foreign jurisdictions" as contained in C.R.C.P. 241.17 should refer to courts of general jurisdiction which recognize the standards and rules of conduct associated with the general practice of law, not with the violations of practice standards unique to courts of limited jurisdiction. If not, Blount argues, then the Colorado bar might well have its standards and policies dictated and enforced by a court limited, as here, to tax disputes, where the standards for frivolousness, for example, might be quite different. As a consequence respondent will be suspended from practice before not only the tax court, a negligible part of his practice, but all other courts in all other areas of practice as well.

Second, Professor Blount makes the point in his affidavit that the issue concerning wages has not yet been unequivocally decided, because the United States Supreme Court has yet to address the "wages are not income" argument. While recognizing that the Supreme Court would likely uphold the numerous decisions of the tax court in this area, respondent's claim is that presenting an argument unlikely to prevail on appeal does not necessarily make that appeal frivolous. Suspending respondent would, therefore, have the effect of deterring attorneys who are zealous in challenging or modifying inequities in settled law on behalf of their clients.

At the hearing, the People called Joseph H. Thibodeau as an expert in tax law for the limited purpose of rebutting the opinions of Professor Blount. Thibodeau testified that the claim that wages are not income was totally unwarranted under existing law, and that, if the claim was litigated before the United States Supreme Court, there was no realistic possibility of success. Thibodeau also testified as to the similarities in terms of professional standards between the tax court and courts of general jurisdiction.

The hearing board concluded that it need not decide again the issue which brought the respondent before the tax court, i.e., that his pleadings were frivolous. The board further concluded that C.R.C.P. 241.-17 was applicable; that the respondent should receive the "same discipline" imposed by the tax court; and, therefore, recommended that he be suspended for six months. The hearing panel approved the recommendation.

## II.

C.R.C.P. 241.17 provides in relevant part: **Discipline Imposed By Foreign Jurisdiction.**

a) **Proof of Discipline Imposed.** Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of a lawyer shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.

. . . .

(d) **Commencement of Proceedings Upon Notice of Discipline Imposed.** Upon receiving notice that a lawyer subject to these Rules has been publicly disciplined in another jurisdiction, the Committee Counsel shall obtain the disciplinary order and shall refer the matter to the disciplinary prosecutor. . . .

If the lawyer intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction, he must file with the Committee Counsel a full copy of the record of the disciplinary proceedings which resulted in the imposition of the disciplinary order.

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with the requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

Subsection (a) states that a final adjudication of misconduct in a foreign jurisdiction shall "conclusively establish" such misconduct unless certain procedures are followed. Included in those procedures is the requirement that if a lawyer intends to challenge the validity of the disciplinary order he must file a full copy of the record of the disciplinary proceedings with the Grievance Committee counsel. C.R.C.P. 241.17(d). Respondent never did so. Further, he orally advised both the disciplinary prosecutor and the hearing board that he had no intention of challenging the validity of the tax court's finding that the pleadings were frivolous; as a result, briefs on that issue were never filed. In light of this "waiver" and respondent's failure to follow the proper procedures, we will not permit respondent to re-litigate the issue of frivolousness before this court.

In spite of respondent's efforts to characterize the tax court as a narrow parochial body more akin to an executive agency than a court of law and diametrically inapposite to a court of general jurisdiction, the fact is that litigation in the tax court is governed by many of the same standards and procedural protections found in the courts of general jurisdiction. The United States Tax Court is a court of record. Its proceedings are governed by rules patterned after the Federal Rules of Civil Procedure. The Federal Rules of Evidence are applicable. The burdens of proof confronting a taxpayer bringing an action are the same as in United States District Courts. In addition, the conduct of attorneys in this forum is governed by the Code of Professional Responsibility. Therefore, when respondent was disciplined, the tax court used the same due process standards to judge his conduct as are applied by the disciplinary authorities in Colorado. The real issue here is not the nature of the forum but the conduct of the attorney in question.

Respondent raises the specter of a well-meaning attorney, unfamiliar with the arcane and complicated world of tax law making a mistake in such a specialized court and then paying the penalty of suspension from a court of general jurisdiction. But

respondent was not penalized for violating a special rule unique to the tax court or from a lack of knowledge of the law which might be known only to a tax specialist of long-standing. He was penalized for filing frivolous pleadings on more than one occasion. Conduct of this nature is condemned in every jurisdiction; prohibitions against such practices are at the heart of every lawyer's commitment to the courts and our system of justice.

Respondent engaged in willful and knowing misconduct in the tax court. On three separate occasions, he presented an argument that his own expert admitted would be quickly rejected if ever addressed by the Supreme Court. The memorandum sur order of the tax court makes clear that respondent's argument concerning wages has never been accepted by any court. It also reiterated warnings given to attorneys at the time respondent submitted his pleadings that the filing of such frivolous petitions by counsel is conduct that adversely reflects on their fitness to practice law and may subject them to sanctions. Moreover, in light of the absence of any argument presented by respondent for the modification of existing law, respondent could not even be said to have engaged in a good faith attempt to change existing law.

■ The determination of the "foreign jurisdiction," here the United States Tax Court, that respondent engaged in conduct justifying his suspension is well established by the record in this case. Respondent did not stumble over a technical provision of the Internal Revenue Code or a special rule of the tax court. To the contrary, he engaged in conduct which Colorado, as well as other jurisdictions, has an interest in preventing. Respondent's conduct was measured by the same standards in the foreign jurisdiction as would be used to gauge his conduct if performed in a Colorado forum. As such, we find that C.R.C.P. 241.17 is applicable for the purpose of conclusively establishing misconduct previously adjudicated by a "foreign jurisdiction," the tax court.

Moreover, if respondent's argument were accepted, this court would be saying,

in effect, that it would be all right for an attorney, an officer of the court, to file frivolous pleadings in some fora, but not in others. The Code of Professional Responsibility as well as prior rulings of this court, however, have consistently held attorneys to the highest level of professional conduct—whether the attorney is practicing in federal court, state court, or before government agencies.

Accordingly, the respondent is suspended from the practice of law for six months from the date of this opinion and directed to pay $3,523.66, the costs of these proceedings, to the Supreme Court Grievance Committee, 600 17th St., Suite 500 S., Denver, Colorado, 80202–5435, within 30 days from the announcement of this opinion.