7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kelly J. DEHERRERA, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, acting by, and through its Board
of Water Commissioners; W. Thomas Richards, individually
and in his official capacity as Superintendent of
Maintenance of the Denver Water Department; Charles
Chapman, individually and in his official capacity as
Transportation Foreman of the Denver Water Department,
Defendants-Appellees.
David L. SMITH, Attorney-Appellant.
Kelly J. Deherrera, Petitioner,
v.
Lewis T. BABCOCK, District Judge, Respondent.
 Nos. 93-1070, 93-1139.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1993.
 
 Before TACHA, BRORBY, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Attorney David L. Smith and his client Kelly DeHerrera appeal the district court's award of sanctions against Smith (our No. 93-1070). They also petition for a writ of mandamus for relief from the sanctions award and for an order directing the district court to rule on motions and set the case for trial (our No. 93-1139). Because the case in which the sanctions were awarded is still proceeding in the district court, this court lacks jurisdiction over the appeal. Appellees claim this is a frivolous appeal and seek sanctions. We agree that the appeal is frivolous and that sanctions against Smith personally are appropriate. We also deny the mandamus petition. Finally, we conclude that Smith's actions in both this appeal and other recent appeals warrant review by the court's disciplinary panel.
 
 
 3
 Smith represents DeHerrera in an employment discrimination case in the district court. On January 25, 1993, the district court denied Smith's[1] four then-pending motions for reconsideration of the magistrate judge's orders. It also directed that Smith respond to defendants-appellees' motions for attorneys' fees. On February 4, pursuant to 28 U.S.C. § 1927, the district court ordered Smith to pay appellees' attorneys' fees incurred in responding to the four motions for reconsideration. The court noted that it had previously denied six motions for reconsideration that Smith filed and that it had cautioned Smith about the lack of merit to his motions for reconsideration. Characteristically, Smith moved for reconsideration of the February 4 order, and the district court denied that motion. On March 1, the district court ordered Smith to pay appellees $7,627.50 as sanctions under § 1927 and $2,287.50 for Rule 11 sanctions that the magistrate judge had awarded in March 1992. Smith appeals the sanction order. There are still outstanding motions in the district court, and the case has not yet been set for trial.
 
 
 4
 Noting the probable lack of jurisdiction, this court directed the parties to file briefs simultaneously by May 2 on the jurisdictional issue. Appellees filed their brief on April 12 and indicated they filed it "early in the hope that Mr. Smith will read it and move to dismiss this appeal." Appellees' Mem.Br. at 8. Appellees correctly point out that the jurisdictional issue is controlled by G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824 (10th Cir.1990). G.J.B. held first that a sanction order is not a final order for 28 U.S.C. § 1291 purposes:
 
 
 5
 Without undue analysis, we join the majority of circuit courts that have addressed the issue and hold that a sanction order against an attorney currently of record is not a final decision for purposes of a § 1291 appeal where the underlying controversy remains unresolved.
 
 
 6
 913 F.2d at 827. G.J.B. then held that a sanction order is also not appealable under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). G.J.B., 913 F.2d at 829. Contending there is no merit to any argument in favor of jurisdiction, appellees request sanctions for a frivolous appeal of $1,200.00 in attorneys' fees.
 
 
 7
 Smith filed his jurisdictional brief (which also included a petition for a writ of mandamus) on April 30. Smith cites G.J.B. but does not recognize it as controlling authority. He contends that the sanction order falls within the collateral order doctrine. He first quotes two long paragraphs from G.J.B.--paragraphs that precede the court's holding that a sanction order does not fall within the Cohen exception--in which the court notes there is a split of authority among the circuits over Cohen 's applicability to sanction orders, and then discusses the Cohen requirements for a collateral order. Appellant's Mem.Br. at 9 (quoting G.J.B., 913 F.2d at 827-28). Citing a number of cases from other circuits, including several that the court specifically rejected in G.J.B., Smith then argues that the sanction order is an appealable collateral order because it "conclusively determined the disputed question of sanctions, and resolved this important issue completely separate from the merits of the action." Appellant's Mem.Br. at 10.
 
 
 8
 Smith further contends that "[i]f the Plaintiff ultimately prevails on the merits, or if the case is settled, Plaintiff's attorney might never be able to receive any appellate review of Judge Babcock's orders if he is denied that opportunity now. Judge Babcock's orders are therefore effectively unreviewable on appeal from a final judgment, and are clearly appealable under ... Cohen." Appellant's Mem.Br. at 10. We recognized and rejected this precise argument in G.J.B. when we concluded that a sanction order was not an appealable collateral order:
 
 
 9
 [W]e join the First, Third and Fifth Circuits and hold that a sanction order against counsel currently of record is not appealable under the Cohen collateral order exception to the final judgment rule. Instead, counsel must await the conclusion of the underlying lawsuit and then appeal under § 1291. We reject any notion that an attorney risks losing the right to appeal if the parties settle or elect not to appeal from the final judgment.... [W]e see nothing to prohibit an attorney of record from appealing a sanction order when the main case concludes. Such an appeal is best heard after final judgment since the appellate court will likely need to review the record as a whole to determine the propriety of sanctions.
 
 
 10
 913 F.2d at 829 (citations and footnote omitted).
 
 
 11
 Inexplicably, Smith acknowledges G.J.B.'s rejection of an attorney's loss of appeal rights, but then says that even if he has not lost the right to appeal, "he has lost the $9,915.00 that Judge Babcock has ordered him to pay." Appellant's Mem.Br. at 11-12. His contention appears to be that the mere size of the sanction award requires a different result from G.J.B. See id. at 12. He cites no authority for this argument, nor does he indicate what harm he will suffer from having to pay the sanctions prior to resolution of the case on the merits. Again, G.J.B. rejected an Eleventh Circuit case in which the size of the sanction award was found to be relevant to the reviewability issue. 913 F.2d at 829 (rejecting DeSisto College, Inc. v. Line, 888 F.2d 755, 762-63 (11th Cir.1989), cert. denied, 495 U.S. 952 (1990)).
 
 
 12
 We conclude that G.J.B. controls this case and see no reason for departing from it and not dismissing the appeal. The case is still proceeding in the district court, and Smith is still attorney of record.
 
 
 13
 The next question is whether Smith should be sanctioned for ignoring controlling authority and filing a frivolous appeal. He does cite G.J.B. but in a duplicitous manner by basing his argument primarily on the court's preliminary thoughts instead of its holding. His main argument was specifically rejected by G.J.B. Moreover, we do not believe his alternative argument is a good faith argument for overruling or creating an exception to G.J.B. Smith is simply "appealing in the face of dispositive contrary authority without making arguments for overruling it," which is a basis for finding his appeal frivolous. Hendrix v. Page (In Re Hendrix), 986 F.2d 195, 200 (7th Cir.1993); see also McEnery v. Merit Sys. Protection Bd., 963 F.2d 1512, 1516-17 (Fed.Cir.1992) (awarding sanctions on appeal for failing to reference or discuss controlling precedent); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir.1987) (awarding sanctions in part because argument on appeal ignored controlling Supreme Court authority).
 
 
 14
 But what makes this appeal particularly egregious is the fact that twice within the past seven months we have similarly dismissed appeals of sanction orders filed by Smith and cited G.J.B. on both occasions. See Sandlin v. Canady (In re Canady), No. 92-1169 (10th Cir. April 27, 1993) (Order and Judgment on petition for rehearing); Dunkin v. Louisiana-Pacific Corp., Nos. 92-1230 & 92-1381 (10th Cir. February 11, 1993) (Order dismissing appeal and remanding for imposition of sanctions for frivolous appeal). It is thus clear that not only is Smith's conduct in this appeal sanctionable under both Fed.R.App.P. 38 and 28 U.S.C. § 1927, but that his practice of appealing in light of contrary controlling authority raises concerns about his fitness to practice before this court.
 
 
 15
 As noted earlier, appellees requested $1,200.00 in sanctions for their attorneys' fees spent responding to the appeal. Smith's jurisdictional brief, filed over two weeks later, responded to neither appellees' request for sanctions nor the amount of the sanctions. Smith has obviously had adequate notice of the possibility of sanctions for a frivolous appeal and an opportunity to respond, see Braley v. Campbell, 832 F.2d 1504, 1515 (10th Cir.1987), and has chosen not to respond. We therefore order that Smith personally, and not his client, is sanctioned $1,200.00 for this frivolous appeal and that he pay that amount to appellees.
 
 
 16
 Smith's mandamus petition warrants only brief discussion. He first seeks an order that would essentially reverse the district court's sanction award on the merits. Because he can eventually appeal that award, mandamus now is not appropriate. Journal Publishing Co. v. Mechem, 801 F.2d 1233, 1235-36 (10th Cir.1986). The mandamus petition also seeks an order directing the district court to rule on pending motions and set the case for jury trial. We denied a similar petition in this case on December 28, 1992, DeHerrera v. Babcock, No. 92-1373 (10th Cir. December 28, 1992); Smith's petition for rehearing of that order was denied on February 4. In his present petition Smith does not explain how circumstances have changed and why he now is entitled to relief, other than to note that more time has passed. He thus has failed to show an indisputable right to a writ of mandamus. Journal Publishing, 801 F.2d at 1235.
 
 
 17
 The appeal is DISMISSED and the petition for writ of mandamus is DENIED. Appellees' request for sanctions is GRANTED, and Smith personally is ORDERED to pay appellees $1,200.00. This matter is REFERRED to the court's attorney disciplinary panel for further proceedings.
 
 
 18
 The mandate shall issue forthwith in No. 93-1070.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 For simplicity, because Smith is the focus of the sanctions and appeal and because the district court found Smith and not DeHerrera responsible for the motions, we will exclude further reference to DeHerrera