The PEOPLE of the State of
Colorado, Complainant,

v.

David Lee SMITH, Attorney–Respondent.

No. 96SA306.

Supreme Court of Colorado,
En Banc.

March 3, 1997.

Rehearing Denied April 7, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

David Lee Smith, Pro Se.

PER CURIAM.

This is a reciprocal discipline proceeding arising from the respondent's discipline by the United States Court of Appeals for the Tenth Circuit (court of appeals). The court of appeals suspended the respondent from practicing before it for an indefinite period, with reinstatement contingent on the respondent's paying sanctions imposed against him by the court of appeals and the United States District Court for the District of Colorado (district court). A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be suspended from the practice of law for nine months; that prior to reinstatement he demonstrate that all sanctions imposed by the court of appeals and the district court have been satisfied and that all federal suspensions have been lifted; and in the event that the respondent meets those conditions prior to the expiration of the nine-month suspension, that this court give favorable consideration to the respondent's immediate reinstatement. The respondent has filed exceptions to the panel's action. We accept the hearing panel's and hearing board's recommendations.

## I.

The respondent was admitted to practice law in Colorado in 1975. Based on the respondent's testimony and the record, which included the record of the proceedings in the court of appeals, the hearing board concluded that the following had been proven by clear and convincing evidence.

On September 15, 1993, the court of appeals issued an order to the respondent to

> show cause in writing why he should not be fined, disbarred or otherwise disciplined for his actions in numbers 93–1070 and 93–1139, *Deherrera v. Denver,* [7 F.3d 1044 (10th Cir.1993)] after the entry of this court's orders in *Sandlin v. Canady (In re Canady),* [993 F.2d 1551 (10th Cir.1993)] and *Dunkin v. Louisiana–Pacific Corp.,* Nos. 92–1230 & 92–1381 (10th Cir. February 11, 1993), [*cert. denied,* 510 U.S. 825, 114 S.Ct. 87, 126 L.Ed.2d 54 (1993)]. The Panel in *Deherrera* referred this matter to this Discipline Panel because the appeal and petition for writ of mandamus were frivolous. In *Casillan v. Regional Transportation District,* [986 F.2d 1426 (10th Cir.1993)], the court also found the appeal to be frivolous. Filing a frivolous appeal is a ground for discipline because it is a violation of 10th Cir. R. 46.5.

The crux of the *Deherrera* matter was that the respondent had filed a number of interlocutory appeals to the court of appeals on the issue of the validity of sanctions imposed against him by the district court in that case and earlier cases. The law in the Tenth Circuit is that an order imposing sanctions on a lawyer is not a final appealable decision, but is interlocutory so an immediate appeal is not permitted. *See G.J.B. & Assocs. v. Singleton,* 913 F.2d 824, 827 (10th Cir.1990). The respondent's twenty-two page answer to the show cause order was filed on October 4, 1993. In it, he asked "to be heard in person

in defense and in mitigation with respect to the charges being brought against him . . . ."

The court of appeals set the matter down for a hearing on November 12, 1993, allowing fifteen minutes for oral argument, and directed the respondent to file a supplemental response to the order to show cause addressing why he should not be disciplined for filing a frivolous appeal in *Casillan,* as referred to in the original show cause order. (The respondent's October 4 response only alluded to the *Deherrera* case.)

On October 22, the respondent filed a motion to vacate the November 12 hearing and asked for additional time to file the supplemental response. He also requested an *"evidentiary* hearing or designation of a special master for purposes of conducting an evidentiary hearing" (emphasis added), merely stating that his "case in defense and in mitigation will require presentation of extensive evidentiary materials, including expert testimony . . . ." The respondent did not elaborate further on the nature of the evidence he wished to present, nor did he make an offer of proof. He filed a thirty-one page supplemental response to the order to show cause on November 2, 1993, together with another request for an evidentiary hearing without, however, any indication of the nature of the evidence he wished to present. The court of appeals accepted the supplemental response but denied the respondent's motion to vacate the November 12 hearing and his request for an evidentiary hearing.

Oral argument was held as scheduled on November 12, and on November 29, 1993, the court of appeals panel issued its order recognizing that it was bound by the findings of the other court of appeals panels in *Deherrera* and *Casillan* that the respondent's appeals in those cases were frivolous, and noting that "[a]t oral argument, respondent admitted that he had not paid any of the sanctions that have been imposed on him by this court or the district court." *In re Smith,* 10 F.3d 723, 724 (10th Cir.1993). Accordingly, the court of appeals ordered that the respondent "is suspended from the practice of law before this court until all sanctions are paid. He may apply for reinstatement to our bar when he can demonstrate

that each sanction order of this court or the district court has been satisfied." *Id.*

## II.

We usually impose the same discipline that was imposed in the other jurisdiction in a reciprocal discipline proceeding unless certain exceptions exist. *People v. Meyer,* 908 P.2d 123, 124 (Colo.1995). C.R.C.P. 241.17(d) provides in relevant part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

The respondent challenges the reciprocal application of the court of appeals order on all four of the above grounds as well as others. In his brief, he raises ten issues that we will address in order.

## A.

In his first issue, the respondent claims that the procedure followed in the court of appeals was deficient because he

was entitled to a full criminal process (including his Sixth Amendment right to a jury trial) before being convicted and punished by the Tenth Circuit for failing to pay harsh and unjustified sanctions of more than $50,000.00 previously imposed

against him by the Tenth Circuit and by the U.S. District Court.

In the first place, we do not read the court of appeals order as disciplining the respondent for failure to pay the sanctions imposed against him. The respondent was suspended for filing frivolous appeals, as set forth in the show cause order. After admitting at oral argument that he had not paid any of the sanctions imposed against him, however, the court of appeals made satisfaction of the sanctions he had been previously ordered to pay as a condition for reinstatement. *See Smith,* 10 F.3d at 724. One of the respondent's premises is therefore false.

Second, the complainant points out that the respondent did not raise this precise argument in either the court of appeals or before the hearing board and that it is therefore waived. We nevertheless elect to address it in the context of whether the respondent's due process rights were violated because of the absence of a jury in the court of appeals discipline proceedings, for the purpose of C.R.C.P. 241.17(d)(1).

█ By its own terms, the Sixth Amendment right to trial by jury applies only to criminal proceedings: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed...." U.S. Const. amend. VI. "A lawyer discipline proceeding is not a criminal proceeding...." *People v. Marmon,* 903 P.2d 651, 652 (Colo.1995). Moreover,

> [w]hile a lawyer is entitled to procedural due process in such a [lawyer discipline] proceeding, there is no requirement that he be afforded the same constitutional safeguards applicable to a criminal trial. *Harfmann,* 638 P.2d at 747; *see In re Ruffalo,* 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968).

*People v. Morley,* 725 P.2d 510, 514 (Colo. 1986) (citation omitted); *see also People v. Varallo,* 913 P.2d 1, 3 (Colo.) (same), *cert. denied,* —— U.S. ——, 117 S.Ct. 80, 136 L.Ed.2d 38 (1996). The respondent has referred us to no authority in Colorado or elsewhere that the Sixth Amendment right to

trial by jury applies to lawyer discipline proceedings, and we are aware of none. In fact, other jurisdictions have held that federal and state constitutional provisions regarding the right to trial by jury do not apply to lawyer discipline proceedings. *See, e.g., In re Cornelius,* 520 P.2d 76, 83 (Alaska 1974); *Attorney Grievance Comm'n v. Kerpelman,* 288 Md. 341, 420 A.2d 940, 947 (1980); *Mississippi State Bar v. Young,* 509 So.2d 210, 212–13 (Miss.1987). Our own Rules of Procedure Regarding Lawyer Discipline and Disability Proceedings, C.R.C.P. 241.1 to 241.26, do not authorize trial by jury. The fact that the respondent was not afforded a jury trial in the court of appeals did not violate either the Sixth Amendment or due process.

### B.

The respondent's next issue is that the procedure employed by the Tenth Circuit in the disciplinary proceedings did not comport with the requirements of due process. In particular, the respondent claims that he did not receive fair notice of the charges against him and he was not given an adequate opportunity to be heard in his defense.

First, the respondent asserts that the court of appeals' show cause order did not adequately apprise him of the charges. Integral to his argument is the respondent's position that he was disciplined for failing to pay the sanctions imposed against him and not for filing frivolous appeals. Again, however, we reject the respondent's characterization of the court of appeals action. The order suspending him indefinitely was for filing frivolous appeals in the two cases mentioned in the show cause order and not for failing to pay the sanctions imposed against him. *See Smith,* 10 F.3d at 724.

Second, the respondent complains that he was given only ten days in which to file his supplemental response to the part of the show cause order pertaining to *Casillan.* Implicit in this argument is that the original September 15, 1993 order to show cause did not encompass the *Casillan* appeal as well as the *Deherrera* appeal. *See People v. Emeson,* 638 P.2d 293, 294 (Colo.1981) (noting that *In re Ruffalo,* 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968) "clearly states

that the consideration of charges not made in the formal complaint constitutes a violation of the respondent's rights to procedural due process of law."). A fair reading of the September 15 show cause order, however, set out in section (I) above, discloses that the respondent was to answer to the charges that the appeals in both *Deherrera* and *Casillan* were frivolous. We therefore conclude that the show cause order did not violate the respondent's due process rights and there was no error in permitting the respondent less than twenty days to supplement his response to address the *Casillan* appeal.

■ The respondent also alleges that he was entitled to an evidentiary hearing before the court of appeals disciplinary panel at which he could "present expert testimony and other relevant evidence...." The court of appeals allowed the respondent fifteen minutes of oral argument to respond to its show cause order. The respondent cites Fed. R.App. P. 46 to support his claim that he was entitled to an *evidentiary* hearing before the disciplinary panel:

> (b) Suspension or Disbarment. When it is shown to the court that any member of its bar ... has been guilty of conduct unbecoming a member of the bar of the court, the member will be subject to suspension or disbarment by the court. The member shall be afforded an opportunity to show good cause, within such time as the court shall prescribe, why the member should not be suspended or disbarred. Upon the member's response to the rule to show cause, and after hearing, if requested, ... the court shall enter an appropriate order.

> (c) Disciplinary Power of the Court Over Attorneys. A court of appeals may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court.

Fed.R.App.P. 46(b), (c). This rule does not grant the respondent the right to the kind of *evidentiary* hearing that he requested. The respondent was given the right to argue in person why he should not be disciplined. In the first place, his responses to the order to show cause did not identify any reasons for the testimony of any witnesses, much less expert witnesses. Insofar as the respondent's expert evidence and testimony was intended to be relevant to whether the respondent's appeals in *Deherrera* and *Casillan* were frivolous or not, that issue had already been determined by the court of appeals panels deciding those respective appeals, and the disciplinary panel was without the power to reverse or overrule the findings of the other panels in those cases. *See Smith*, 10 F.3d at 724. The same analysis resolves the appropriateness of the sanctions the respondent was ordered to pay by the court of appeals and the district court. Expert testimony was either irrelevant to the issues before the disciplinary panel or unnecessary because the disciplinary panel was certainly capable of determining and applying the law to the respondent's case without it.

■ Finally, the respondent advances no relevant or valid reasons why he was denied his right to be heard before a fair and impartial decisionmaker. The questions before the court of appeals disciplinary panel were limited to whether the respondent had filed frivolous appeals in *Deherrera* and *Casillan*, and if so, what the appropriate disciplinary sanction should be. The legality and validity of the monetary sanctions previously imposed had been conclusively determined in the previous cases and could not be collaterally attacked in the disciplinary proceeding. *See Smith*, 10 F.3d at 724.

We find, as did the hearing board, that the Tenth Circuit disciplinary proceedings did not violate due process.

## C.

The respondent next contends that the proof upon which the court of appeals based its determination of misconduct was so infirm that this court cannot, consistent with its duty, accept as final the court of appeals' determination. *See* C.R.C.P. 241.17(d)(2).

In this exception, the respondent focuses on the insufficiency of the proof to show that he *willfully* failed to pay the sanctions imposed against him and to rebut the defenses presented in his response and supplemental response to the order to show cause. These defenses included that he had been sanctioned for making arguments that were not in fact "frivolous," but were arguments either warranted under existing law or good faith attempts to extend, modify, or reverse existing law; and that his failure to pay the sanctions imposed against him was not grounds for discipline, especially since he is unable to pay them.

As we said above, the court of appeals disciplinary panel was foreclosed from redetermining whether the respondent's appeals in *Deherrera* and *Casillan* were frivolous. *See Smith*, 10 F.3d at 724. The respondent was not disciplined for failing to pay the sanctions imposed against him. His defenses were not relevant to the issues before the panel, and we conclude that the proof relied on by the Tenth Circuit was not so infirm to justify this court's disregarding the disciplinary panel's action.

### D.

Moving to the reciprocal discipline proceedings below, the respondent charges that these proceedings did not comport with due process of law, and that the assistant disciplinary counsel engaged in prosecutorial misconduct.

■ First, the respondent argues that the assistant disciplinary counsel had no right to take the respondent's deposition in the reciprocal discipline proceeding because requiring the respondent to be deposed violated his Fifth Amendment right against self-incrimination.

In *Spevack v. Klein,* 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967), the Supreme Court held that the Fifth Amendment privilege against self-incrimination afforded protection to the accused lawyer in a disciplinary proceeding. The lawyer in *Spevack* was deprived of his rights under the Fifth Amendment when he was disbarred solely because he refused to testify in a judicial investigation into his alleged improper solicitation of clients. 385 U.S. at 514, 87 S.Ct. at 627–28. We noted in *People v. Robnett,* 859 P.2d 872, 875 (Colo.1993), that

> *Spevack* did not specifically hold, however, that attorney disciplinary proceedings were criminal in nature for purposes of the Fifth Amendment privilege against self-incrimination. Accordingly, most courts and commentators after *Spevack* have tended to read the decision narrowly, concluding that disciplinary proceedings are not themselves criminal in nature for purposes of the privilege, and have "limit[ed] the scope of the privilege in disciplinary proceedings to only those disclosures that could be used in a criminal prosecution, or that could lead to other evidence that might be so used." II ABA/BNA *Lawyers' Manual on Professional Conduct* at 101:2402 (1984); *see generally* Andrea G. Nadel, Annotation, *Extent and Determination of Attorney's Right or Privilege Against Self-Incrimination in Disbarment or Other Disciplinary Proceedings—Post–Spevack Cases,* 30 A.L.R.4th 243 (1984 & Supp.1992[1996]).

Consistent with this view of *Spevack,* the California Supreme Court stated:

> An attorney in a State Bar disciplinary matter does not possess the same immunity from being called to testify as a criminal defendant; the attorney "may be called upon to testify but may decline to answer questions on the ground that his testimony would tend to incriminate him." (*Black v. State Bar* (1972) 7 Cal.3d 676, 688, 103 Cal.Rptr. 288, 499 P.2d 968.)

*In re Utz,* 48 Cal.3d 468, 256 Cal.Rptr. 561, 566–67, 769 P.2d 417, 422 (1989). Analogously, the hearing board could properly require the respondent to attend his own deposition, at which time he could decline to answer specific questions if invocation of the privilege against self-incrimination was appropriate. The presiding officer of the hearing board was acting within his proper sphere when he ruled on the assistant disciplinary counsel's motions. *See* C.R.C.P. 241.14(b). Moreover, from the record before us, the respondent did not raise his privilege against self-incrimination in the Tenth Circuit disci-

plinary proceedings, nor is it obvious why the charges against him for filing frivolous appeals raised the fear of criminal prosecution. Requiring the respondent to attend his own deposition was not error.

The respondent's second contention is that the assistant disciplinary counsel was guilty of prosecutorial misconduct by asking for sanctions in the event the respondent refused to be deposed. This objection is baseless and will not be addressed further.

■ The respondent's final claim is that the board denied him due process when it did not permit the many witnesses, including expert witnesses, to testify at the respondent's hearing. The respondent was not able to justify the calling of these witnesses by means of an offer of proof that they would testify to matters relevant to the reciprocal proceeding. We find that the hearing board quite properly refused to allow the respondent to call these witnesses.

### E.

■ Because the respondent's reciprocal disciplinary proceeding was not a criminal proceeding for purposes of the Sixth Amendment right to a speedy trial, that right was not violated in this case. *See In re Briggs,* 502 N.E.2d 879, 886 (Ind.1987).

### F.

■ In his next issue, the respondent argues that the proof before the hearing board was so infirm that this court cannot accept it. While this is a basis for not accepting the determinations of another jurisdiction as to lawyer misconduct and the appropriate sanction, C.R.C.P. 241.17(d)(2), it does not apply to the findings and recommendations of a hearing board and the supreme court grievance committee hearing panel to this court. Through this exception the respondent attempts to raise the same objections he has already raised, and we have rejected, with regard to the Tenth Circuit disciplinary panel proceedings. This contention is without merit.

### G.

■ The respondent's following two exceptions do not require extended discussion. First, the hearing panel accepted the board's recommendation that the respondent be suspended from the practice of law for nine months; that prior to reinstatement he demonstrate that all sanctions imposed by the court of appeals and the district court have been satisfied and that all federal suspensions have been lifted; and in the event that the respondent meets those conditions prior to the expiration of the nine-month suspension, that this court give favorable consideration to the respondent's immediate reinstatement. Contrary to the respondent's claim, this recommendation does not violate C.R.C.P. 241.17(d) because it does not recommend a harsher discipline against the respondent than the Tenth Circuit's indefinite suspension. The definite period of suspension, in this case nine months, is mandated by requirement that all suspension be of definite length in Colorado, not to exceed three years. *See* C.R.C.P. 241.7(2). The board's provision that the court give favorable consideration to the respondent's immediate reinstatement if he meets the conditions imposed by the Tenth Circuit, prevents the recommendation from even theoretically violating C.R.C.P. 241.17(d).

Second, the respondent asserts that his due process rights were violated because one of the members of the hearing panel that reviewed the board's action was the presiding officer of the board. We rejected the identical contention in *People v. Fitzgibbons,* 909 P.2d 1098, 1100–01 (Colo.1996).

### H.

According to the respondent, imposition by the supreme court of the same discipline against him as was imposed by the Tenth Circuit would result in a grave injustice. *See* C.R.C.P. 241.17(d)(3). The respondent advances no reasons for this proposition, except that under Colorado law a suspension from the practice of law may not be for an indefinite period. This is probably inconsistent with his argument that the sanction recommended by the hearing board is invalid because it is harsher than that imposed by the Tenth Circuit. In any event, the hearing

board's recommendation that the respondent's nine-month suspension be lifted in the event he satisfies the federal sanctions and the Tenth Circuit suspension has been lifted does not violate C.R.C.P. 241.7 at all.

In conclusion, the respondent alleges that "[t]he misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court." C.R.C.P. 241.17(d)(4). It is true that we cannot impose an indefinite suspension on the respondent under our rules. The hearing board attempted therefore to fashion a sanction authorized by our rules and which has an effect similar if not identical to the sanctions imposed by the court of appeals.

We note that in *People v. Hartman,* 744 P.2d 482 (Colo.1987), we suspended a lawyer for six months in a reciprocal discipline matter for filing frivolous pleadings in three cases in the United States Tax Court. We conclude that the hearing board's recommendation is a reasonable solution to the problem of the minor incompatibility between federal and state disciplinary procedures. We decline the respondent's invitation to retry the reasonableness of the monetary sanctions imposed by the district court and the court of appeals in cases other than the one before us. Accordingly, we accept the hearing panel's and hearing board's recommendations.

### III.

It is hereby ordered that David Lee Smith be suspended from the practice of law for nine months, effective thirty days after the opinion is issued. It is also ordered that the respondent pay the costs of these proceedings in the amount of $1,863.43 within ninety days from the date on this opinion. It is further ordered that prior to reinstatement the respondent demonstrate that all sanctions imposed by the court of appeals and the district court have been satisfied and that all federal suspensions have been lifted; and in the event that the respondent meets these conditions prior to the expiration of the nine-month suspension, the respondent may petition this court for immediate reinstatement.