**The PEOPLE of the State of Colorado, Complainant**

**v.**

**George A. BODE, Respondent.**

**No. 05PDJ013.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 21, 2005.

This matter is before the Presiding Disciplinary Judge ("PDJ" or "the Court") on the issue of sanctions. In this case, APRIL M. SEEKAMP represented the People. Respondent GEORGE A. BODE did not participate.

## REPORT, DECISION, AND IMPO-SITION OF SANCTION PURSU-ANT TO C.R.C.P. 251.15(b)

### I. ISSUE

*SANCTION IMPOSED:* **THREE–YEAR SUSPENSION**

Under the rules for imposing reciprocal discipline, this Court must impose the same discipline as the foreign jurisdiction unless deemed inappropriate under the circumstances. This action is based upon Respondent's seven-year suspension from practice before the U.S. Patent and Trademark Office (with four years stayed). Respondent failed to appear and failed to challenge the validity of the PTO's suspension order. Should the Court therefore impose a three-year suspension, the Colorado equivalent to the PTO's sanction?

The PDJ finds that reciprocal discipline is appropriate.

### II. PROCEDURAL HISTORY AND BACKGROUND

On January 27, 2005, the People filed the present Complaint, requesting that the Court suspend Respondent from the practice of law in Colorado based upon a Final Decision of the Director of the United States Patent and Trademark Office ("PTO"), issued on July 28, 2004 on behalf of the Under Secretary of Commerce for Intellectual Property. The Final Order affirmed the findings, conclusions, and imposition of discipline contained in an Initial Decision rendered by an Administrative Law Judge on August 21, 2003. The People sent the Complaint, with the Initial and Final Decisions attached, to Respondent via regular and certified mail. Respondent did not file an answer.

■ On May 9, 2005, the People filed a Motion for Default. On June 6, 2005, the PDJ granted this motion pursuant to C.R.C.P. 251.15(b) and C.R.C.P. 121 § 1–14. Upon entry of default, all facts in the Complaint are deemed admitted, and all rule violations in the Complaint are deemed estab-

lished. *See People v. Richards,* 748 P.2d 341 (Colo.1987).

In the Motion for Default, the People requested that the Court impose a three-year suspension without a hearing on sanctions. However, the PDJ determined that Respondent must be given an opportunity to challenge the reciprocal discipline through the presentation of evidence and argument. ABA *Standards for Imposing Lawyer Sanctions* 2.9, *Commentary* (1991 & Supp.1992) ("ABA *Standards* "). Therefore, the PDJ ordered Respondent to state his position on sanctions and request a hearing, if desired, on or before June 21, 2005. Respondent did not file any response or request a hearing. Accordingly, the Court will impose discipline in this matter without a hearing and upon the existing record. The People argue that a three-year suspension is appropriate reciprocal discipline in this case.

### III. FACTS AND RULE VIOLATIONS

For sanction purposes, the PDJ considered the following: the facts and rule violations established by the entry of default,[1] the August 21, 2003 Initial Decision by the PTO in proceeding number D02–14,[2] the July 28, 2004 Final Decision by the PTO in proceeding number D02–14,[3] and the People's argument for reciprocal discipline under 251.21.[4]

Respondent has taken and subscribed the Oath of Admission in Colorado, was admitted to the bar of this Court on February 4, 1991, and is registered upon the official records of this Court, registration no. 20224. He is therefore subject to the jurisdiction of this Court in these disciplinary proceedings. C.R.C.P. 251.1(b).

The admitted Complaint is attached to this Report as Exhibit 1, and the PTO Decisions are attached to this Report as Exhibit 2. These documents contain all factual findings and rule violations, and are incorporated as if set forth fully herein. In brief summary, the PTO found by clear and convincing evidence that Respondent engaged in professional

---

1. Contained in the Complaint, which is attached to this Report as Exhibit 1.

2. Attached to the Complaint as the People's Exhibit A; attached to this Report as Exhibit 2.

3. Attached to the Complaint as the People's Exhibit B; attached to this Report as Exhibit 2.

4. Contained in the Motion for Default.

misconduct. Respondent backdated certificates of mailing for matters pending before the PTO,[5] which constitutes misrepresentation and knowing misuse of certificates of mailing, and adversely reflects upon his fitness to practice law. Respondent failed to communicate with clients, which resulted in the abandonment of eight patent and trademark applications. Respondent also neglected legal matters, failed to carry out professional contracts of employment, and failed to respond to the PTO's disciplinary authority.

The Initial Decision declared that all of Respondent's violations were "serious" and some of them reflect an "on-going pattern and practice." The Initial Decision also discussed a "thread of dishonesty," as well as Respondent's apparent lack of remorse. In mitigation, the Initial Decision stated that Respondent is a bright, capable, and experience practitioner without previous discipline. The Final Decision upheld these findings on appeal. Thus, the PTO suspended Respondent from practice before that Office for a period of seven years. The final four years of the suspension is stayed, and Respondent will be placed on probation during that period.

### IV. *SANCTIONS*

The Colorado Rules of Civil Procedure and the ABA *Standards* are the guiding authorities for imposing reciprocal discipline for lawyer misconduct. Reciprocal discipline is the imposition of a sanction for conduct that already gave rise to discipline in another jurisdiction. C.R.C.P. 251.21(a) provides:

> Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.

The purpose of this rule is to enhance public confidence in the profession by preventing lawyers admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another jurisdiction. ABA *Standard* 2.9,

*Commentary.* For reciprocal discipline purposes, a federal agency such as the PTO can be considered a "jurisdiction." *See People v. Hartman,* 744 P.2d 482 (Colo.1987) (reciprocal discipline for sanctions imposed by tax court). In this case, reciprocal discipline is appropriate because Colorado has an interest in preventing the conduct that gave rise to Respondent's suspension by the PTO. Also, the conduct was measured by essentially the same standards. Thus, adjudication by the PTO conclusively establishes the misconduct for discipline in Colorado.

Under C.R.C.P. 251.21(d), the same discipline should be imposed in Colorado as in the foreign jurisdiction. However, respondent attorneys have the opportunity to challenge the validity of discipline imposed elsewhere on any of the following bases: 1) the procedure in the other jurisdiction did not comport with due process requirements; 2) the proof upon which the other jurisdiction relied is so infirm that the Court cannot accept the determination as final and remain consistent with its duty; 3) the imposition of the same discipline would result in "grave injustice"; or 4) the misconduct proved warrants a "substantially different" form of discipline. C.R.C.P. 251.21(d)(1)-(4).

Respondent failed to make any appearance in this action. Respondent did not contest the validity of the PTO Decisions. Respondent did not make any claim that the PTO denied him due process or relied upon infirm evidence. Respondent did not show the Court that a suspension in Colorado would result in "grave injustice." Respondent did not present any evidence or argument that the misconduct, established by the PTO Decisions, warrants a different form of discipline.

The People seek a three-year suspension. This sanction is proper under the circumstances. First, Colorado law does not provide for a seven-year suspension. C.R.C.P. 251.6(b) ("Suspension ... shall be for a definite period of time not to exceed three years."). Second, the PTO stayed the final four years of the suspension, and will place Respondent on probation during that period.

---

**5.** In actions before the PTO, the certificate of mailing date is deemed the filing date and can

have substantial legal implications.

Therefore, the Court concludes that a three-year suspension complies with the "same discipline" requirement of C.R.C.P. 251.29(d).

## V. CONCLUSION

The discipline ordered by the PTO is reciprocally appropriate in this case. The PTO provided Respondent with due process by affording him the opportunity to respond to the disciplinary charges against him. After that case was fully adjudicated, the PTO found by clear and convincing evidence that Respondent committed multiple ethical violations under the PTO disciplinary rules. As a result, the PTO suspended Respondent from practice before that Office. Respondent was also afforded ample opportunity to respond to the Complaint filed with this Court, based upon his conduct before the PTO. Respondent declined to do so, and thus there is no basis upon which to conclude that reciprocal discipline in Colorado is inappropriate under C.R.C.P. 251.21(d). Accordingly, the PDJ finds that the imposition of a three-year suspension, a similar sanction to that imposed by the PTO, is proper under 251.21.

Accordingly, the Court concludes that Respondent should be suspended from the practice of law in the State of Colorado for a period of three years.

## VI. ORDER

It is therefore ORDERED:

1. GEORGE A. BODE, attorney registration 20224, is SUSPENDED from the practice of law for a period of three years, effective thirty-one (31) days from the date of this Order.

2. GEORGE A. BODE is ORDERED to pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to file a response.

## EXHIBIT 1

Case Number: 05PDJ013

April M. Seekamp, # 34194, Assistant Regulation Counsel, John S. Gleason, # 15011, Regulation Counsel, Attorneys for Complainant, 600 17th Street, Suite 200–South, Denver, Colorado 80202.

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.21, and it is alleged as follows:

### Jurisdiction

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on February 4, 1991, and is registered upon the official records of this court, registration number 20224. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 2314 Broadway, New Orleans, LA, 70125.

### General Allegations

2. The Under Secretary of Commerce for Intellectual Property and Director of the United States Patents and Trademark Office adopted Administrative Law Judge Susan Biro's findings and recommendation that the respondent be suspended from practice before the U.S. Patent and Trademark Office for seven years, with the final four years of the suspension stayed. A certified copy of the Administrative Law Judge's Initial Decision is attached hereto as Exhibit A. A certified copy of the Final Decision signed by James Toupin, General Counsel for the United States Patent and Trademark Office, on behalf of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, is attached hereto as Exhibit B.

3. The respondent did not notify the Office of Attorney Regulation Counsel ("OARC") that he had been suspended from practice by the authorities of another jurisdiction, as required by Rule 251.21(b). OARC independently learned of the respondent's suspension from the Office of Enrollment and Discipline ("OED") of the United States Patent and Trademark Office.

4. The ALJ based her recommendation upon evidence taken at a hearing in which the respondent participated, which evidence formed the basis for the ALJ's finding. The Under Secretary reviewed the ALJ's findings and recommendation, and approved the ALJ's recommendation in its entirety.

 

5. As is evident from the decision of the Patent and Trademark Office ("PTO"), the procedure followed by the PTO disciplinary authorities comported with the requirements of due process.

6. Pursuant to 37 C.F.R. § 10.149, the standard of proof in the PTO proceedings was "clear and convincing."

7. This Court's suspension of respondent can appropriately be based upon the proceedings held in the PTO's proceedings.[6]

## CLAIM I

### [Reciprocal Discipline—C.R.C.P. 251.21(d) ]

8. Paragraphs 2 through 7 are incorporated herein.

9. C.R.C.P. 251.21(d) provides: "Upon receiving notice that an attorney subject to these Rules has been publicly disciplined in another jurisdiction, the Regulation Counsel shall obtain the disciplinary order and prepare and file a complaint against the attorney as provided in C.R.C.P. 251.14."

10. The respondent's violations of his ethical duties include:

6. Although the People did not find a reciprocal discipline case in Colorado involving the Patent and Trademark Office, there is case law in Colorado to support the conclusion that discipline by a government agency satisfies the foreign jurisdiction requirement of the reciprocal discipline rule. *See People v. Hartman*, 744 P.2d 482 (Colo.1987)(relying on proceedings in tax court for purposes of imposing reciprocal discipline). In that case, the court held:

> The determination of the "foreign jurisdiction," here the United States Tax Court, that respondent engaged in conduct justifying his suspension is well established by the record in this case. Respondent did not stumble over a technical provision of the Internal Revenue Code or a special rule of the tax court. To the contrary, he engaged in conduct which Colorado, as well as other jurisdictions, has an interest in preventing. Respondent's conduct was measured by the same standards in the foreign jurisdiction as would be used to gauge his conduct if performed in a Colorado forum. As such, we find that C.R.C.P. 241.17 is applicable for the purpose of conclusively establishing misconduct previously adjudicated by a "foreign jurisdiction," the tax court. Moreover, if respondent's argument were accepted, this court would be saying, in effect,

a. Backdating three certificates of mailing in connection with matters pending before the PTO, resulting in violations of United States Patent and Trademark Office ("USPTO") Disciplinary Rule 10.23(b)(4)(a practitioner shall not engage in conduct involving misrepresentation)[7]; USPTO Disciplinary Rule 10.23(b)(6) (a practitioner shall not engage in any other conduct that adversely reflects upon the practitioner's fitness to practice before the Office)[8]; and USPTO Disciplinary Rule 10.23(c)(9)(knowingly misusing certificates of mailing).[9]

b. Failing to communicate with clients, resulting in eight patent and trademark applications being abandoned, in violation of USPTO Disciplinary Rule 10.23(c)(8)(failing to inform a client or former client or failing to timely notify the Office of an inability to notify a client or former client of correspondence received from the Office or the client's or former client's opponent in an inter partes proceeding before the Office when the correspondence (i) could have a significant effect on a matter pending before the Office, (ii) is received by the practitioner on behalf of a client or former client and (iii) is correspondence of which a reasonable practitioner would believe under the circumstances the client or former client should be notified).[10]

> that it would be all right for an attorney, an officer of the court, to file frivolous pleadings in some fora, but not in others. The Code of Professional Responsibility as well as prior rulings of this court, however, have consistently held attorneys to the highest level of professional conduct—whether the attorney is practicing in federal court, state court, or before government agencies.

*Id.* at 486.

7. USPTO Disciplinary Rule 10.23(b)(4) corresponds to Colo. RPC 8.4(c)(prohibiting an attorney from engaging in conduct involving dishonesty, deceit, misrepresentation or fraud).

8. USPTO Disciplinary Rule 10.23(b)(6) corresponds to Colo. RPC 8.4(h)(prohibiting an attorney from engaging in conduct that adversely reflects on a lawyer's fitness to practice law).

9. There is no rule in Colorado that directly corresponds to Disciplinary Rule 10.23(c)(9), although this type of conduct may be considered dishonest, in violation of Colo. RPC 8.4(c).

10. USPTO Disciplinary Rule 10.23(c)(8) generally corresponds to the duty to communicate set forth in Colo. RPC 1.4 (communication).

c. Neglecting legal matters, in violation of USPTO Disciplinary Rule 10.77(c)(A practitioner shall not neglect a legal matter entrusted to the practitioner).[11]

d. Failing to carry out contracts of employment, in violation of USPTO Disciplinary Rule 10.84(a)(2)(A practitioner shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but a practitioner may withdraw as permitted under § 10.40, § 10.63, and § 10.66.).[12]

e. Failing to respond to the OED's requests for information, in violation of USPTO Disciplinary Rule 10.23(b)(5)(A practitioner shall not engage in conduct that is prejudicial to the administration of justice) [13]; USPTO Disciplinary Rule 10.23(b)(6) (a practitioner shall not engage in conduct that adversely reflects upon the practitioner's fitness to practice before the Office) [14]; and USPTO Disciplinary Rule 10.23(c)(16) (willfully refusing to reveal or report knowledge or evidence to the Director contrary to § 10.24 or paragraph (b) of § 10.131).[15]

11. This conduct warrants suspension in Colorado pursuant to C.R.C.P. 251.21.

WHEREFORE, complainant requests that this Court impose similar discipline to that imposed by the PTO, which would equate to a three year suspension in Colorado, as Colorado does not recognize a seven year suspension, and assess costs of this proceeding.

### EXHIBIT 2

Exhibit 2 consists of the attachments to the complaint marked as:

Exhibit A, U.S. Department of Commerce, United States Patent and Trademark Office Initial Decision regarding George A. Bode, dated 1–4–05.

Exhibit B, U.S. Department of Commerce, United States Patent and Trademark Office Final Decision regarding George A. Bode, dated 1–4–05.

11. USPTO Disciplinary Rule 10.77(c) corresponds to Colo. RPC 1.3 (neglect).

12. There is no rule in Colorado that directly corresponds to Disciplinary Rule 10.84(a)(2).

13. USPTO Disciplinary Rule 10.23(b)(5) corresponds to Colo. RPC 8.4(d)(prohibiting an attorney from engaging in conduct prejudicial to the administration of justice).

14. USPTO Disciplinary Rule 10.23(b)(6) corresponds to Colo. RPC 8.4(h)(prohibiting an attorney from engaging in conduct that adversely reflects on a lawyer's fitness to practice law).

15. There is no rule in Colorado that directly corresponds to Disciplinary Rule 10.23(c)(16).